54 So.2d 190 (1951)
MIXON et al.
v.
STATE.
Supreme Court of Florida, Division A.
August 28, 1951.
Rehearing Denied October 5, 1951.
*191 R.B. Crawford, Jr., Bartow, and D.C. Laird, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
HOBSON, Justice.
This is an appeal from the Criminal Court of Record for Hillsborough County. Appellants, George A. Mixon, James E. Hawkins, James C. McFarland, Bill Atwater and Solon Wear were convicted on two counts charging violation of the lottery statute, Section 849.09, Florida Statutes 1941, F.S.A.
The first count charged that the defendants "* * * did unlawfully conduct a lottery for money, and by means of a lottery did dispose of money, and did sell tickets in a certain lottery for money * * *." The second count charged that the defendants "* * * did unlawfully and feloniously have in their possession certain tickets in a certain lottery * * * which tickets were evidence of an interest in the aforesaid lottery not yet played."
The court below sentenced the appellants, Mixon and Hawkins to three years in the State penitentiary and appellants Wear, McFarland and Atwater to a term of two years. Passing of sentence on appellants on the second count was deferred by the court below from day to day and term to term.
Appellants first contend that the court below erred in denying their motion to suppress certain evidence obtained by the State and admitted at the trial over the appellants' objections. The contention that the items involved, i.e., envelopes containing duplicate tickets or memoranda of tickets sold and money for the sale thereof, bolita bags, balls, etc., and about which testimony was introduced, were obtained *192 by an unreasonable search and seizure, in violation of Sections 12 and 22 of the Declaration of Rights of the Florida Constitution, F.S.A., is not tenable.
Though the officers admittedly possessed no search warrant, we find that there are several grounds which sustain our conclusion. First, it is well recognized that a reasonable search and seizure may be made incident to a lawful arrest. Italiano v. State, 141 Fla. 249, 193 So. 48; Occinto v. United States, 8 Cir., 54 F.2d 351; see Whitcombe v. United States, 3 Cir., 90 F.2d 290; Brown v. State, Fla., 46 So.2d 479. Section 901.15 (1), Florida Statutes 1941, F.S.A., provides that a peace officer may arrest without a warrant "When the person to be arrested has committed a felony or misdemeanor in his presence." Subsec. (3) provides that a peace officer may arrest without a warrant "When he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it." It is clearly shown that the officers had a reasonable ground to believe that a felony was going to be committed on the premises, and the officers in fact witnessed the commission of the crime. The arrests were by lawful authority and the seizures incident thereto proper. See Italiano v. State, supra, and Occinto v. United States, supra.
Second, the cases are replete with references to protection against unreasonable search and seizure in connection with one's "dwelling house." See Robertson v. State, 94 Fla. 770, 114 So. 534; Gildrie v. State, 94 Fla. 134, 113 So. 704; Creech v. United States, 5 Cir., 97 F.2d 390. Though the sphere of protection has been extended to embrace business establishments, we find no case affording protection for those who are at most visitors in an empty and untenanted house. After several of the appellants at the time of their arrest admitted that none of them lived in or had any interest in the house, a witness for appellants testified at the hearing upon the motion to suppress the evidence that he had rented the house to appellant, Mixon, and had received payment for two months rent. The trial judge in overruling the motion and overruling appellants' objections at the trial necessarily found upon conflicting evidence that no such lease existed. His ruling on the admissibility of the evidence necessitated passing on the factual question of the existence of a lease, which function was entirely within his province. This Court will not reverse a finding of fact by the lower court unless error is patent on the record. To be afforded protection against an unreasonable search of premises and a seizure of property thereon, one must claim and prove himself to be the owner, occupant, or lessee of the premises searched. 47 Am.Jur. Searches and Seizures, Sec. 11, page 508, 56 C.J. Searches and Seizures, Sec. 54, page 1174. See Creech v. United States, supra, and Whitcombe v. United States, supra.
Appellants next contend that the evidence was insufficient to sustain the verdict on the first count of the information. We think the evidence clearly sufficient to support the verdict and judgment rendered.
The contention that the adjudication of guilt on the second count was improper is, we think, sound. While the court imposed sentences only on the first count he adjudged the appellants guilty under the second count and retained jurisdiction to sentence them later, the minutes containing the language "And the Court deferred the passing of sentence from day to day and term to term on the second count of the information." Inasmuch as the appellants may well face a further penalty, it seems fitting now to decide the validity of the judgment on the second count.
In Bueno v. State, 40 Fla. 160, 23 So. 862, 863, defendant was convicted "as charged in the information" containing several counts, each charging acts any one of which would be a violation of the lottery statute. This Court said: "The information was for one offense only, though in the several counts it was charged to have been committed by different methods, embraced within the alternative provisions *193 of the statute. The punishment was the same, and the offense was the same,  a felony,  no matter which count was covered by the verdict, and the guilt of the defendant was the same whether he violated the statute by doing the acts charged in one count or by doing every act embraced within all the counts. The punishment prescribed by the statute was the same for a conviction upon one count only as it would have been for a conviction upon all, because the counts did not charge separate and distinct offenses, but the same offense * * *." See also Jarrell v. State, 135 Fla. 736, 185 So. 873, and D'Alessandro v. State, 114 Fla. 70, 153 So. 95.
Under the ruling in the cited case but one sentence was justified and we consider the principle applicable here. We do not overlook the fact that in that case the defendant was charged in all counts with phases of an activity in which he was the operator, as distinguished from the patron, of a lottery. But this distinction will not cause us to veer from the rule there announced, because of the illogic of one set of facts establishing a man as both operator and patron of his own lottery.
We turn next to the appellants' final assignments of error. After the court below had instructed the jury, and the jury had retired, they returned and asked the court if it was necessary in order to convict the appellant under the first count, that they find that the lottery tickets had been sold in Hillsborough County. The Judge replied, "I feel that the selling of the tickets is not an essential part of the charge, but it is surplusage insofar as the charge of conducting a lottery is concerned. There are, in my opinion, two or three charges, independent charges, embraced in the first count and I charge you that you may find the defendants guilty of conducting a lottery for money and by means of a lottery disposing of money, without determining whether or not the tickets were sold in Hillsborough County."
In view of the abundance of evidence that the lottery was conducted at the place alleged in the first count we are not convinced of any error in the judge's instruction.
Finally, we observe that the appellant Solon Wear actually plead guilty so he, individually, may not be heard to question the procedure followed at the trial, although what we have said about the judgment applies to him the same as to his accomplices.
Affirmed in part; reversed in part.
SEBRING, C.J., and TERRELL and THOMAS, JJ., concur.