## STATE v. MAVIGLIA.

Circuit Court, Dade County, Criminal Appeal.

October 28, 1954.

Jack Kehoe, Miami, for appellant.

John D. Marsh, county solicitor, Glenn C. Mincer, assistant county solicitor, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

The appellant was convicted by a jury of the crime of bookmaking as defined in section 849.25, Florida Statutes 1953. The evidence produced by the state overwhelmingly supported the charge preferred against the appellant in the information. No evidence was submitted by him.

The appellant contends that the court below erred in admitting evidence seized by law enforcement officers in the building in which he was arrested. The contention is without merit. It is unnecessary to determine whether the entry and search were made pursuant to

a valid search warrant. It was not shown (in fact the appellant denied) that he was the owner, lessee or lawful occupant of the building. He was in no position to raise the question whether there had been an unlawful search and seizure. United States v. DeVasto (C.C.A. 2d), 52 Fed. 2d 26 (certiorari denied, 284 U.S. 678, 76 L.ed. 573, 52 S. Ct. 138); Church v. State (Fla.), 9 So. 2d 164; Mixon v. State (Fla.), 54 So. 2d 190. The right to immunity from unreasonable searches and seizures is personal and can be asserted only by those whose rights are violated.

The appellant was accorded a fair trial, the evidence of his guilt was conclusive and the record discloses no prejudicial error committed by the trial judge. The judgment and sentence are affirmed.