### STATE v. SILBER.

Circuit Court, Dade County, Criminal Appeal, Division One.

November 18, 1957.

Ben Cohen, Miami Beach, for appellant.

Richard E. Gerstein, State Attorney, and George Eadie Orr, Ass't. State Attorney, for appellee.

Before GRADY L. CRAWFORD, PAT CANNON and ROBERT H. ANDERSON, Circuit Judges.

PER CURIAM.

Izaak Martin Silber was convicted of the charge of unlawfully taking or receiving bets or wagers upon the result of a trial or contest of skill, speed, power or endurance of beasts, to-wit: a horse race.

A search warrant was issued upon the following affidavit—

> ... the Affiant, has received reliable information from an informer that Horse Bookmaking operations, that is to say, taking and receiving of bets upon the result of horse races, are being conducted from the premises described as a CBS building, white and green trim, known as 1505 N. E. 159th Street, North Miami Beach, Dade County, Florida; that he, the affiant, along with Deputy Sheriff W. J. Whitacre, personally observed the above described premises on November 6, 1956, at 11:00 A.M., and after watching the premises for about ten minutes, observed a white male unknown to the affiant or Deputy Whitacre, enter the aforesaid premises, that is to say, 1505 N. E. 159th Street, North Miami Beach, Dade County, Florida, carrying a Harvey A. Jr. scratch sheet and a Morning Telegraph racing paper; that about 12:45 P.M. the same day the affiant called the telephone number for the premises, which was 816-8571, about six times and every time he called this number he would receive a busy signal; that he then called the Telephone Company and stated he was trying to call 816-8571 and always received a busy signal; that a telephone operator reported back the line was in working order and that it was being used. A check with the Telephone Company by the Affiant revealed that telephone number 816-8571 was listed to the premises above described in the name of one Patricia Gerodro.
>
> The Affiant further states that on November 7, 1956, he, along with Deputy Sheriff W. J. Whitacre, again had the premises under surveillance at about the same time and again saw the same white male enter the premises carrying a Harvey A. Jr. scratch sheet and a Morning Telegraph racing paper, and that approximately an hour later the affiant called 816-8571 and again received a busy signal. Affiant

further states he tried the number three more times and each time received a busy signal, but that on his fourth attempt, at approximately 12:45 P.M., November 7, 1956, a male voice answered. Affiant states he had learned from his informant that one of the persons placing bets was a person by the name of Tom Sharp and that the bets were placed with a person named Red. Affiant further states that when the male voice answered the phone, affiant stated, "Red, this is Tom; I want $4.00 to win on Slide Sir in the second at New York," and the person answering the phone stated, "Tom who?" Whereupon affiant stated, "Tom over at the Pure Oil Station," and the unknown white male stated, "You got it, see you later." At approximately 4:15 P.M., the affiant called 816-8571 again and stated, "Tom calling, Red—how did I do?" The voice identified as Red stated, "It was Coalspur $11.50 - 7.20 and 4.40; Slide Sir $9.00 and 4.80 and Go Thrill $3.00—when am I going to see you on this?" Whereupon the Affiant stated, "At the Pure Oil Station, 163rd & U.S. 1 at 6 o'clock, I'll be there," and the voice identified as Red stated, "O.K. I'll see you" and hung up the phone.

And the Affiant therefore has good reason to believe, and does believe that the aforesaid premises are being used unlawfully for the purpose of Horse Bookmaking and storing bookmaking paraphernalia, that is to say, the taking and receiving of bets and keeping of records of said bookmaking activities;

The search warrant directed the sheriff—

. . . to search said building or premises known or described as a CBS building, white and green trim, known as 1505 N. E. 159th Street, in the City of North Miami Beach, Dade County, Florida, and the person or all persons therein who shall be connected with, or suspected of being connected with the operating or maintaining of said gaming or gambling games, devices, equipment, paraphernalia, and all other things, including money or prizes used in or connected with such gaming, and gambling games, and if the same, or any part thereof, shall be found upon said search, you are to bring said goods or property so found, and also the body of all persons found therein connected with said gaming or gambling before the Criminal Court of Record, in and for Dade County, Florida, to be dealt with according to law.

Deputies, acting under the search warrant, made the following inventory and return—

RECEIVED this search warrant the 9th day of November, A. D. 1956, and executed same by delivering a true copy thereof to one Izaak Martin Silber, and by making search as within directed upon which search I found and seized the following described property:

1—Harvey A. Jr. 11-9-56
2—Rundown sheets with bet notations
2—Phone Instruments No. 6-8571
1—Sheet with football game bet notations
2—Address books

and arrested the following named persons:

Izaak Martin Silber W/M.

The judge of the court of crimes denied the defendant's motion to quash the affidavit and search warrant, and upon a trial of the issues, adjudged the defendant guilty and sentenced him to be confined at hard labor in the Dade County jail for a term of ninety days.

This appeal is from the judgment of conviction. While several errors are assigned, only one is argued. That is that the affidavit for the search warrant was insufficient and was based on hearsay testimony. The court is said to have erred in denying the motion to quash.

The affidavit and the search warrant seem to be in accordance with the principles announced by the Supreme Court of Florida in Church v. State (1942), 151 Fla. 24, 9 So. 2d 164, and, therefore, the judgment is affirmed.