106 So.2d 630 (1958)
Macon TRIBUE, Appellant,
v.
STATE of Florida, Appellee.
No. 376.
District Court of Appeal of Florida. Second District.
July 16, 1958.
Rehearing Denied August 5, 1958.
*631 Sam E. Murrell & Sons, Orlando, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
KANNER, Chief Judge.
An information consisting of four counts, each of which charged a violation of the *632 lottery laws of the State of Florida, was filed against the appellant. The jury found him guilty on counts two, three, and four. Counts two and three charged a felony offense and count four a misdemeanor offense. The court sentenced him only on counts two and three. Count two charged that appellant did unlawfully aid and assist in the setting up, promoting and conducting of a lottery for money, the lottery being commonly known as "Bolita" and "Cuba"; and count three charged that he was unlawfully interested in and connected with a lottery for money, commonly know as "Bolita" and "Cuba". On count two the trial judge sentenced appellant to the state penitentiary for a period of three years and ordered him to pay costs of court taxed at $78.88, or in default of payment to be imprisoned for an additional thirty days. On the third count the court sentenced appellant to the state penitentiary for a period of three years and provided that this sentence run concurrently with the sentence entered on count two. The charges were laid and the penalty imposed under section 849.09, Florida Statutes, F.S.A. Naturally being discontented with the verdict of the jury and the sentences imposed, the appellant has instituted this appeal.
The appellant has grounded his appeal for reversal on three propositions, (1) whether the trial court erred in denying appellant's motion to suppress evidence seized during the search, which was conducted without a search warrant, (2) whether a certain statement made by the county solicitor and one by a state's witness with reference to the accused and a statement made by the state's witness with reference to defense counsel constitute reversible error, and (3) whether the sentences were properly imposed.
As to proposition number one, appellant filed a motion to suppress certain evidence relating to a quantity of bolita paraphernalia obtained by police officers without a search warrant from a room in a dwelling house where, at the time of the search and seizure, appellant was present. Appellant asserts that the search and seizure was unlawful in that it was made without a search warrant and therefore violated his constitutional rights guaranteed to him by both the state and federal constitutions. F.S.A. Const. Declaration of Rights, § 22; Const. U.S.Amend. 4.
The safeguarding of the private security of one's person and property and the preservation of his right to the sanctity of his home against unlawful encroachments or invasions by officers operating under governmental authority constitute the underlying tenet and aim of the guaranty contained in the constitutional provisions against wrongful search and seizure. The immunity derived from this constitutional source against unreasonable search and seizure is a personal one and can be claimed only by him whose rights are invaded. This immunity, however, cannot be invoked to protect one in the commission of a crime but serves only as a guarantee against unreasonable searches and seizures.
A hearing on the motion to suppress was held prior to the trial of the case. The issue involved was whether the appellant was a tenant legally possessed of the premises searched. The house was the property of one Winnie Guest, and the arresting officers forcibly entered the house without a search warrant but with the written consent of Winnie Guest, the owner. At the time the officers entered the premises, the appellant was making a telephone call; certain bolita materials were present on the table, together with an adding machine, pencils, and various slips of paper.
The basis upon which appellant relies to sustain his position is that he was a tenant legally possessed of the premises searched. The testimony of police officers was that the search was made through written consent given to them by Winnie Guest, the owner of the premises. The appellant contends that the written consent was obtained by threats and duress on the part of the police officers and was therefore involuntarily given by Winnie *633 Guest. Contrarily, the testimony of the state was to the effect that the written consent was given voluntarily with the understanding by Winnie Guest that its purpose and use was to authorize a search of the premises. The testimony of witnesses for the state and the testimony of the appellant, there being no other witness on appellant's behalf, was in direct conflict. After a full hearing, the trial court denied the motion to suppress. When rendering his decision, the trial judge gave as his reason for it:
"It seems to me like his connection with the premises was insufficient to enable him to object to the legality of the search, so the Motion is denied."
The ruling on the admissibility of the evidence seized under the search required the trial court to pass on the factual question of whether the appellant occupied the premises as a tenant. This is a function vested entirely within the province of the trial court. An appellate court will not reverse a finding of fact made by the trial court unless error is apparent on the record. One must claim and prove himself to be the owner, lessee or tenant, or the lawful occupant of the premises searched in order to be protected against an unreasonable search of the premises and seizure of property on it. Mixon v. State, Fla. 1951, 54 So.2d 190. The trial judge by denying the motion to suppress necessarily determined that no such tenancy existed. He did not commit error.
As to the second proposition, appellant asserts that certain statements made by a state's witness and the county solicitor were so prejudicial in their nature as to require reversal. The statements under attack transpired during the testimony of a police sergeant, a witness for the state, who qualified as an expert in bolita investigations. These statements were uttered altogether during the cross-examination of this witness by the counsel for the defense. It is unnecessary to detail the course of the cross-examination that culminated in the statements of which appellant complains. These statements consisted of one by the county solicitor and one by the state's witness, the police sergeant, inferring a past criminal record by appellant and an insinuating reference made by this state's witness about defense counsel's associations.
It is the duty of a trial judge carefully and zealously to protect an accused, so that he shall receive a fair and impartial trial, from improper or harmful statements or conduct by a witness or by a prosecuting attorney during the course of a trial. Also, it is the duty of a prosecuting attorney in a trial to refrain from making improper remarks or committing acts that would or might tend to affect the fairness and impartiality to which the accused is entitled. Sometimes in his zeal during the progress of a case, or in the heat engendered by a stoutly contested controversy, a prosecuting attorney or defense counsel may propound a question or make a remark that would introduce objectionable matter when ordinarily this would not happen. The statements about which appellant is aggrieved came about apparently in a hotly contested trial; they were in response to and were prompted by specific questions asked and statements made by counsel for the defense. Although the statements under criticism may be judged as disparaging and improper, the appellant, under the circumstances of this case, cannot as a consequence obtain benefit from that which his own counsel prompted or provoked and thereby be favored with a reversal of the judgment. See Williams v. State, Fla. 1953, 69 So.2d 766, and Henderson v. State, 1927, 94 Fla. 318, 113 So. 689. The trial court did not commit reversible error under this proposition.
The third proposition is that the sentences were improperly imposed. It is to be observed that a separate judgment and sentence was imposed under each of the two counts for lottery law violations. The violations of which appellant was found guilty constituted two facets of one transaction. *634 It was improper, therefore, to sentence him on each count. Only one sentence is applicable and that sentence should be on the highest offense charged. See Williams v. State, Fla. 1953, 69 So.2d 766; Norwood v. State, Fla. 1956, 86 So.2d 427, and Mixon v. State, Fla. 1951, 54 So.2d 190.
At this juncture, it may be pointed out that the appellant did not testify at the trial before the jury, nor did he offer any witness on his own behalf, nor has he challenged the sufficiency of the evidence to sustain the conviction. A careful consideration of the record has been given and no prejudicial error has been made to appear other than the error with reference to the sentences imposed.
The judgment is affirmed with directions to the trial court to impose a proper sentence in accordance with this opinion. The cause is hereby remanded to the trial court for that purpose.
ALLEN and SHANNON, JJ., concur.