107 So.2d 261 (1958)
Charlie ALEXANDER, Claudia Mae Williams, and Arthur L. Coleman, Appellants,
v.
STATE of Florida, Appellee.
No. 616.
District Court of Appeal of Florida. Second District.
October 8, 1958.
Rehearing Denied October 28, 1958.
*262 Gladstone L. Kohloss and Charles V. Silliman, Orlando, for appellants.
Richard W. Ervin, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for appellee.
KANNER, Chief Judge.
This is a gaming case involving violations of the lottery laws through the medium of what is commonly known as "Bolita" or "Cuba". Appellants were charged under five counts of an information with (1) conspiring to set up, conduct, and promote a lottery for money, (2) setting up and promoting a lottery for money, (3) aiding and assisting in setting up, promoting, and conducting a lottery for money, (4) being interested in and connected with a lottery for money, and (5) having in their possession lottery tickets and records. See section 849.09, Florida Statutes, F.S.A. Appellants Williams and Coleman were convicted on all of the counts; appellant Alexander was convicted on counts one, two and three; and not guilty verdicts were directed in favor of Alexander on counts four and five.
The difficulty in which these three appellants find themselves enmeshed arose when a Florida state beverage inspector, accompanied by other officers and witnesses and reinforced with a search warrant for the purpose of searching for contraband whiskey commonly known as "moonshine", entered the home of appellant Alexander and made a search of his premises. As a result, a quantity of lottery paraphernalia was uncovered. All of the appellants were present in the Alexander home. A search of a pocketbook belonging to the appellant Williams disclosed possession by her of lottery tickets and money; and likewise a search of appellant *263 Coleman's pockets and clothing and under him upon the couch where he was sitting resulted in the discovery of lottery tickets and the taking from his person of cash money approximating $351.00, together with checks and lottery tickets. The other lottery paraphernalia seized in the home consisted of lottery tickets, records evidencing lottery operations, and an adding machine.
Motion filed by the appellant Alexander to suppress the evidence seized in his home was granted by the trial court because of illegality in connection with the issuance of the search warrant. The motion to suppress was by Alexander and on his own behalf. No motion was filed by either of the other appellants.
An officer testified that the appellant Alexander admitted that he was in the Bolita business. Appellant Alexander asserts that, since the evidence seized through the search in his home was declared to be illegal by the trial court and held inadmissible against him, he should not have been convicted of the crime charged solely on the unsupported admission of guilt.
It is to be observed that the trial court directed verdicts of not guilty for appellant Alexander as to counts four and five which concerned being interested in and connected with a lottery, and having possession of lottery tickets and records; yet at the same time permitted the jury to consider the charges against him of conspiring to set up, conduct, and promote a lottery for money, the setting up and promoting a lottery for money, and the aiding and assisting in setting up a lottery for money. However, a thorough examination of the record reveals no other evidence or testimony, circumstantial or otherwise, except the admission of guilt and the evidence illegally seized, to connect him with the charges for which he was convicted.
A search and seizure illegal in its inception cannot be purified into legality by the nature of the fruit which it produces, for the products of the wrongful search carry the taint of the illegal search and therefore cannot be used as evidence against the victim. 79 C.J.S. Searches and Seizures § 51, p. 809.
Guilt cannot be founded upon a naked extra-judicial confession or admission unsupported by proof of the corpus delicti of the crime. See Tucker v. State, 1912, 64 Fla. 518, 59 So. 941; Parrish v. State, 1925, 90 Fla. 25, 105 So. 130; and Smith v. State, 1927, 93 Fla. 238, 112 So. 70. There was no independent proof of the corpus delicti. The judgment concerning the appellant Alexander must therefore be reversed and set aside.
In essence, appellants Williams and Coleman contend that the evidence and testimony produced against them resulted from an unlawful search and seizure and was not an incident to a lawful arrest. The record discloses that counsel informed the court that appellants Williams and Coleman had no objection to the search of the home itself, that their objection was only to the search of the Williams' pocketbook and the person of Coleman. However, these appellants claimed no right, title, nor interest in the premises searched, nor any interest in the articles seized; rather they disclaimed any interest.
Immunity to an unreasonable search and seizure is a personal privilege to the one whose right has been invaded, and he only is entitled to invoke the constitutional guaranty against unlawful search and seizure. Generally, an accused cannot protest a wrongful search and seizure of premises or property which he does not own or lease or lawfully occupy or possess or in which he has no interest. See Mixon v. State, Fla. 1951, 54 So.2d 190; Tribue v. State, Fla.App., 106 So.2d 630; 79 C.J.S. Searches and Seizures § 52, p. 810. Nor can an accused disowning any interest in the premises or the possessions *264 searched or in the articles or things seized question the validity of the search and seizure. See 79 C.J.S. Searches and Seizures § 60, p. 816.
The evidence and testimony as applied to appellants Williams and Coleman abundantly establish that their arrest was lawful and that the search made in connection with it was an incident to the arrest.
The judgment and sentence imposed against the appellant Alexander is hereby reversed, and the judgments and sentences imposed against the other appellants are hereby affirmed.
Reversed in part and affirmed in part.
ALLEN, J., and SPOTO, I.C., Associate Judge, concur.