SHANNON, Judge.
This is an appeal from a judgment and sentence on a lottery conviction. The appellant-defendant has posed two questions: (1) Whether the allegations of the affidavit for search warrant comply with the legal requirements of probable cause, and (2) Whether the prosecutor’s remarks to the jury constituted an improper comment on the defendant’s failure to testify at the trial.
The affidavit for search warrant, made by Howell T. Ryals, sergeant of the Vice Squad of the Tampa Police Department, stated in part:
“ * * * That affiant personally knows of gambling existing in Hills- *585 borough County, Florida, and has been investigating such criminal activity, and that affiant, on May 3, 1958, in the office of the Detective Bureau of the City of Tampa Police Department, personally observed a confidential informant dial a certain telephone number, to-wit: RE 5-0088, said telephone number being the number assigned at that time by the General Telephone Company of Florida to I. G. Commellas, 210 North MacDill Avenue, Tampa, Florida; and thereupon while listening on an extension of said telephone, affiant heard said confidential informant talk to a man and purchase from said man over, the telephone an interest in a lottery, commonly known as Cuba, and that af-fiant believes and has reason to believe that unlawful gambling and lottery for money are actually being operated within said building.”
On the basis of the affidavit the search warrant was issued, and the officers proceeded to 210 North MacDill Avenue, Tampa, Florida, where they found the defendant and, after searching the premises, gambling paraphernalia in the kitchen and the utility room. The house belonged to a third party from whom the defendant maintained he was renting one room with the privilege of using the kitchen and bathroom.
In testing the contents of the affidavit for search warrant it is unnecessary to do more than compare the affidavit for search warrant in the instant case with the affidavit for search warrant in the case of Chacon v. State, Fla. 1957, 102 So.2d 578, 586, which states:
“ ‘That affiant, on October 30th, 1954, in the dwelling of Ross Anderson, Deputy Sheriff of Hillsborough County, Florida, personally observed a confidential informant dial a certain telephone number, “to-wit: 24-4251,. said telephone number being the same number listed in the August, 1954, issue of the telephone directory for Tampa, Florida, under the name of Ursina Gonzalez, of 948 — 11th Avenue, and thereupon, while listening on an extension of said telephone, affi-ant heard said confidential informant talk to a woman and purchase from said woman over the telephone an interest in a lottery, commonly ktiown as Bolita or Cuba, and that affiant believes and has reason to believe that unlawful gambling and lottery for money are actually being operated within said building.’ (Emphasis added.)”
In sustaining the search warrant in the Chacon case, supra, the Supreme Court relied on its former opinion in Perez v. State, Fla.1955, 81 So.2d 201, and Justice Thornal, on petition for rehearing, stated (102 So.2d at page 589) :
“Insofar as appellant Chacon is concerned it now becomes necessary to determine whether the affidavit in the instant case was adequate to support the subsequently issued search warrant. We think the affidavit here meets all of the requirements of the pronouncements of this Court in Perez v. State, Fla.1955, 81 So.2d 201. It is the view of the majority of the Court that the instant case presents no substantial! characteristics that would distinguish it from the rule of the Perez case. In Perez the substance of the affidavit was that a deputy sheriff saw an informer dial a telephone number listed in the identified telephone directory as being the number of the phone at a particular dwelling listed under the name of a particular individual. The deputy sheriff listened in on an extension while an informer called the number, asked for a woman named Teresa and placed a lottery bet in the course of the conversation. We there held that the act of hearing the bet made over the telephone constituted sufficient probable cause to justify the deputy in obtaining a search warrant.”
*586 The Chacon and Perez cases, supra, arc sufficient authority to constitute the affidavit now under discussion sufficient for the issuance of a valid search warrant.
We have not overlooked the well-settled rule that it is necessary for one complaining of a search to prove that he was at the time of the search the owner, tenant or lawful occupant of the premises searched. See Tribue v. State, Fla.App. 1958, 106 So.2d 630; Mixon v. State, Fla.1951, 54 So.2d 190. In the instant case the defendant merely claimed to rent one room which was not involved in the search.
While we realize ’ that the defendant has certain safeguards thrown around him by Section 918.09, Florida Statutes, F.S.A., with regard to his not testifying, when the argument of the prosecutor to the jury is examined in its context, it will be readily seen that he confined himself to answering the remarks already made to the jury by defense counsel. In the prosecutor’s summation to the jury he stated in part:
“I say this to you, gentlemen, and I think Judge Grayson will instruct you and I ask you to listen for his instructions, the fact that this defendant does not take the stand is certainly no indication of his innocence, either. And here is the testimony that you have before you. The testimony of these police officers. It’s all believable. It’s all corroborated. It’s all tied in in every factor, in every way, pointing unerringly to the guilt of this defendant.”
This remark came after the argument of the defense counsel to the effect that the defendant was not duty bound to take the stand, that it was optional with him, and merely because he did not take the stand is no indication that he was guilty. So we hold that the prosecutor’s remarks were simply rebuttal and did not infringe upon the defendant’s rights. As was said in Waid v. State, Fla. 1952, 58 So.2d 146:
But appellant’s position is insecure for the simple reason that his counsel, while addressing the jury, introduced the subject by remarking upon the lack of testimony by the appellant, and the reason for it. What followed was nothing more than a retort by the attorney for the state.
“A defendant may not reap the benefits of failure to testify, such as the escape of cross-examination, and then claim the protection the statute affords, if he plays upon that very failure. When he brings to the attention of the jury the want of testimony by him and the reason for the course he chose, he invites a rebuttal from his adversary, and of that he cannot complain.”
For the reasons .stated the conviction must be upheld.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.