TILLMAN PEARSON, Judge.
Mario Machin appeals a judgment of guilty and sentence of five years on the charge of assault with intent to commit robbery. ITe presents two points on appeal. The first challenges the sufficiency of the evidence to sustain the burden of proof that he was guilty of the crime. The second is directed to the court’s ruling on a motion to suppress evidence procured at the time of his arrest. It is claimed that a gun and mask taken from a car which he was driving was obtained as a result of an illegal search and seizure.
In considering the sufficiency of the evidence, we find that the record shows that Edward L. Nodine was assaulted in an attempted robbery in the City of Key West on November 13, 1962. Police officers in the same vicinity on that date observed the car in which the defendant, Mario Machin, and his cousin, Hector Machin, were riding. The automobile was proceeding in a highly suspicious manner, running without lights and at excessive speed. The officers immediately gave chase but the other vehicle increased its speed and took evasive action. The patrol car followed 100 feet behind with its siren and flashing light on. The chase continued through stop signs and around corners on screeching tires. Finally after ten minutes of hot pursuit, the patrol car forced the other vehicle to the curb. Just prior to that moment, however, the officers received a radio message about the attempted robbery which gave a description of the car involved. This description matched that of the car they were chasing. The defendant and his cousin were arrested and taken into the police station where Mr. Nodine, the victim of the attempted holdup, identified the appellant from among a lineup of five men as the man who had assaulted him earlier that evening. Mr. Nodine also identified the vehicle appellant was driving as the car in which his assailant fled. He also identified the gun and the mask as those used in the attempted robbery.
Both the defendant and his cousin, Hector, were brought to trial. The jury returned a verdict of guilty as to the defendant, Mario Machin, and not guilty as to his cousin Hector.
Appellant’s argument that the evidence was insufficient dissolves upon a consideration of the statement of the facts proven.
Appellant’s second point as above stated challenges the admission into evidence of the mask and the gun. It is his contention that because the car he was driving was stopped initially for a traffic violation that the officers had no right to search the vehicle. We do not reach this point because it is apparent that the defendant had no right to raise it. The car which the defendant was driving belonged to his cousin Hector Machin. Hector was riding in the car and must be presumed to have allowed the defendant to do the actual driving. There is nothing in the record to indicate that the defendant was anything other than a mere invitee. We hold that the defendant has no right to question the admission into evidence of the mask and gun upon authority of Gispert v. State, Fla.App. 1960, 118 So.2d 596. See also: Mixon v. State, Fla. 1951, 54 So.2d 190; Church v. State, 151 Fla. 24, 9 So.2d 164; Tribue v. State, Fla. App.1958, 106 So.2d 630.
Affirmed.