187 So.2d 913 (1966)
Morena WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
Ray Ellis OSMAN, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 65-466, 65-473.
District Court of Appeal of Florida. Third District.
May 31, 1966.
Rehearing Denied July 14, 1966.
*914 Herbert Friesner, Miami, for appellants.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
The appellants seek review of their convictions, adjudications and sentences, entered by the trial court pursuant to a non-jury trial on charges of violating certain lottery laws.
Informations were filed against both the appellants, charging them as follows: Count I  operating a lottery; Count II  aiding or assisting in conducting a lottery; Count III  possession of implements or devices for conducting a lottery; Count IV  possession of lottery tickets; Count V  aiding or assisting in sale, disposal or procurement of lottery tickets. The appellants moved to quash the affidavit for the search warrant; to quash the search warrant and suppress the evidence, which motions were denied by the trial court. The cause proceeded to a non-jury trial and, at the conclusion thereof, the trial court found Osman guilty of Counts I, III, IV and V; and found Williams guilty of Counts II, III, IV and V. Osman was sentenced to three years in the State penitentiary on Count I and one year in the County jail on each of Counts III, IV and V, to run concurrently with the sentence imposed on Count I. Williams was sentenced to one year in the County jail on each of Counts II, III, IV and V, the sentences on Counts III, IV and V to run concurrently with the sentence imposed on Count II. Appeal was taken from the convictions, adjudications and sentences. These appeals were consolidated in this court.
The appellants contend that the trial court erred in failing to quash the search warrant and suppress the evidence seized thereunder, on the grounds that failure *915 of the affidavit to mention the name of the person who occupied the premises searched [when such information was readily ascertainable] rendered the search warrant invalid. An examination of the affidavit and search warrant indicates they met the statutory requirements. See: Church v. State, 151 Fla. 24, 9 So.2d 164; Harvey v. Drake, Fla. 1949, 40 So.2d 214; § 933.04, Fla. Stat., F.S.A.
The appellants also contend error in convicting Osman on the charge of operating a lottery, when the evidence as reflected by the record on appeal is insufficient to sustain the conviction. An examination of the record indicates competent, sufficient evidence to sustain the conviction and, therefore, same should not be disturbed on appeal. See: Crum v. State, Fla. App. 1965, 172 So.2d 24; Devlin v. State, Fla.App. 1965, 175 So.2d 82; Escobar v. State, Fla.App. 1966, 181 So.2d 193.
The appellants also contend error in sentencing them on Counts III, IV and V of the Information, on the grounds that said counts are lesser included offenses of Counts I and II. This point appears to be well taken, not because they are separate offenses but because they are part of the same transaction. These several counts charged violations of the lottery law which were separate facets of one transaction [see: Williams v. State, Fla. 1953, 69 So.2d 766; Tribue v. State, Fla.App. 1958, 106 So.2d 630; Sharon v. State, Fla.App. 1963, 156 So.2d 677; Wells v. State, Fla.App. 1964, 168 So.2d 787] and, as held in Mixon v. State, Fla. 1951, 54 So.2d 190, "did not charge separate and distinct offenses, but the same offense." Therefore, the sentences as to these misdemeanors are set aside and this cause is remanded to the trial court for an appropriate sentence, in light of the principles announced in Williams v. State, supra; Sharon v. State, supra; Wells v. State, supra.
For the reasons above stated, the convictions, adjudications and sentences as to the felonies found against each of the appellants are hereby affirmed. But, the sentences as to the misdemeanor counts be and the same are hereby vacated and set aside, and this matter is returned to the trial court for further proceedings in accordance with the views expressed herein.
Affirmed in part; reversed in part, with directions.