194 So.2d 29 (1967)
David Lee ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 6835.
District Court of Appeal of Florida. Second District.
January 25, 1967.
*30 Joseph G. Spicola, Jr., Public Defender, and Marcus A. Wilkinson, III, Asst. Public Defender, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Appellant has filed this appeal from an order denying relief under Criminal Procedure Rule One, F.S.A. ch. 924 Appendix. Appellant and two other men were arrested for entering without breaking with intent to commit a felony and grand larceny. Appellant Robinson was found guilty as charged in the second count of the information. One Isaac Harris was also found guilty. These two men were sentenced to a term of four years at hard labor in the state prison. The third defendant, Henry Nixon Lucas, was found not guilty.
Appellant alleges as his first point on appeal that the trial court was in error when it failed to grant appellant a severance from the trial of the other defendants. In the case of Reddick v. State, Fla. App. 1966, 190 So.2d 340, this court held that the denial of a motion for severance will not permit resort to relief under Criminal Procedure Rule One unless there are peculiarly aggravating facts in the case. In the Reddick case the defendant had been wrongfully induced to plead guilty, thereby virtually foreclosing any avenue of successful appeal. In this present appeal none of the extreme circumstances that existed in the Reddick case occurred, so the appellant cannot raise the denial of his motion for severance in this Rule One proceeding.
The second point on appeal is whether the trial court erred when it admitted State's exhibits 1, 2 and 3 into evidence prior to the corpus delicti of the crime being established by any evidence. The State presented a police officer as its first witness. He identified the three exhibits (photographs of the warehouse where the theft occurred) and they were admitted into evidence. The second witness presented by the State was the manager of the warehouse. He testified that the warehouse had been broken into and identified the photographs in question. Up to this point no testimony had been introduced concerning the appellant. The general rule in Florida is that the sufficiency of evidence to sustain conviction and the propriety of admission of evidence cannot be raised in a collateral proceeding under Criminal Procedure *31 Rule One. Chayter v. State, Fla.App. 1965, 176 So.2d 382; and Austin v. State, Fla.App. 1964, 160 So.2d 730. Therefore, the appellant cannot raise the propriety of admission of the photographs into evidence in this Criminal Procedure Rule One proceeding.
The last three points raised in this appeal concern the validity of the search warrant and the search and seizure which occurred under it. The facts show that it is the search of the apartment occupied by Co-Defendant Lucas that appellant is attacking. The record reveals that Lucas was arrested in front of the building and that Lucas led the police officials to his apartment and opened it with his key. Appellant was not present in Lucas' apartment when the search took place. In the case of Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the court pointed out that:
"In order to qualify as a `person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else * * *."
Jones had the right to challenge the search because he was present when the search took place even though merely as a guest of the apartment owner. Such is not the situation in the present case as the appellant here was not present when Lucas' apartment was searched.
The general rule in Florida is that one must claim and prove himself to be the owner, tenant, or lawful occupant of premises searched in order to be protected against an unreasonable search of premises and seizure of property on it. McCain v. State, Fla.App. 1963, 151 So.2d 841; State v. Smith, Fla.App. 1960, 118 So.2d 792; Testasecca v. State, Fla.App. 1959, 115 So.2d 584; and Tribue v. State, Fla.App. 1958, 106 So.2d 630. The appellant did not show any ownership or occupation of Lucas' apartment, in fact the record shows that the appellant was not even present when the search took place. Therefore, the appellant cannot complain about the search and seizure.
Finding no error in the record, the order appealed from is affirmed.
Affirmed.
ALLEN, C.J., and SHANNON and PIERCE, JJ., concur.