270 So.2d 462 (1972)
Odell RUSSELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-668.
District Court of Appeal of Florida, Third District.
December 15, 1972.
Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Arnold R. Ginsberg, Asst. Atty. Gen., for appellee.
Before PEARSON and HENDRY, JJ., and WARD, CHARLES LAVON, Associate Judge.
PER CURIAM.
The defendant appeals from a judgment finding him guilty of second degree murder pursuant to a verdict of the jury. A single point is presented on appeal. This point urges that the trial court erred in denying defendant's motion to suppress evidence resulting from an alleged warrantless search not incident to a lawful arrest.
An eyewitness testified to the fact that the appellant killed a woman in whose house he was living. The eyewitness was the murdered woman's son. This eyewitness account was corroborated by the testimony of another witness who also placed the defendant at the scene at the time of *463 the killing. The victim's son telephoned the police. A police officer discovered the gun used in the killing under defendant's mattress.
Appellant made a motion to suppress the evidence which was seized by the arresting officer and a hearing was held prior to the trial. The officer stated that the victim's son pointed out to him where the gun was. The defendant had already been placed under arrest when the search took place. At the hearing on the motion to suppress, defense counsel did not submit any evidence to contradict the statement of the arresting officer that the defendant had been admitted to the house by the victim's son, nor did defense counsel contradict the testimony of the officer that the son had pointed out the place where the gun was hidden. The argument made by defense counsel as to the gun was that it should be suppressed because no search warrant was obtained. The judge denied the motion to suppress. The law is uniform that a defendant who complains of an unlawful search must claim and prove that he was at the time of the search the owner, tenant, or lawful occupant of the premises searched. Rivers v. State, Fla. 1969, 226 So.2d 337; Mixon v. State, Fla. 1957, 54 So.2d 190; Church v. State, 151 Fla. 24, 9 So.2d 164 (1942); Moore v. Wainwright, Fla.App. 1971, 248 So.2d 262; Robinson v. State, Fla.App. 1967, 194 So.2d 29; Testasecca v. State, Fla.App. 1959, 115 So.2d 584; Alexander v. State, Fla.App. 1958, 107 So.2d 261; Tribue v. State, Fla. App. 1958, 106 So.2d 630.
At the time of the trial court's ruling on the motion to suppress, the evidence before the court established that the eyewitness to the crime, the victim's son, took the police officer into his home and showed the police officer a gun which the eyewitness knew belonged to the defendant. It was certainly proper for the victim's son to allow police officers access to his home. Therefore, we hold that the trial judge did not err in denying the motion to suppress.
Appellant argues, however, that he is entitled to the benefit of testimony which was brought out during the trial and prior to the admission of the gun into evidence. He relies upon testimony of the husband of the deceased that the appellant lived in the house as a member of the family. The appellant gave the victim some money to buy food, and he also paid $10.00 for the use of a room. There was also testimony during the course of the trial which contradicted the testimony of the police officer given upon the motion to suppress. The son of the victim testified that he merely suggested a place for the officer to look for the gun when a search was already in progress. At the time of the admission of the gun into evidence, the appellant objected to its introduction into evidence only upon the basis of relevancy and materiality. No objection at this time was made as to an unreasonable search. Under these circumstances, we hold that the court did not commit error in admitting the gun into evidence. The appellant, after arguing only relevancy and materiality at the time of his objection to the admission of the gun into evidence cannot now contend that no one had permission to enter the room where it was hidden. North v. State, Fla. 1952, 65 So.2d 77; Bertone v. State, Fla.App. 1969, 224 So.2d 400; Shea v. State, Fla.App. 1964, 167 So.2d 767.
Having reached the conclusion that appellant's point on appeal does not present reversible error, it is not necessary for us to consider an additional contention by the State that the admission of the gun would be, if error, merely harmless error. The State urges that under the testimony presented no reasonable jury could have found the appellant not guilty because of the eyewitness testimony as to the shooting. We have reviewed the record and find that the contention of the State is correct, *464 and that even without the admission of the gun into evidence, there was no reasonable basis upon which a different verdict could have been reached.
Affirmed.