287 So.2d 414 (1974)
John R. KISHEL, Appellant,
v.
STATE of Florida, Appellee.
No. 73-4.
District Court of Appeal of Florida, Fourth District.
January 8, 1974.
Louis Vernell, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas M. Carney and Frank B. Kessler, Asst. Attys. Gen., West Palm Beach, for appellee.
MAGER, Judge.
Defendant appeals convictions of possession of marijuana and resisting an officer with violence to his person. The conviction came as a result of a warrantless search of a building owned by defendant's father located some 30 feet from the building in which defendant and his father occupied as a residence.
We are of the opinion under the circumstances and facts of this case, that the building in question, although not occupied as a "residence" was part of the curtilage included within the protection of the Fourth Amendment. Ashby v. State, Fla. App. 1969, 228 So.2d 400. Furthermore, the evidence not having demonstrated any exemption from the requirements of the Fourth Amendment, a search warrant was necessary. Ashby v. State, supra. See also State v. Hetzko, Fla.App. 1973, 283 So.2d 49. In addition, we hold that the defendant, as a member of the family of the owner of the building, was legally on the premises which was subject to the search and therefore had the standing to attack the validity of the search under the decision in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). See also State v. Leveson, Fla. 1963, 151 So.2d 283; Robinson v. State, Fla.App. 1967, 194 So.2d 29; Russell v. State, Fla. App. 1972, 270 So.2d 462; Godbee v. State, Fla.App. 1969, 224 So.2d 441; McCain v. State, Fla.App. 1963, 151 So.2d 841; Tribue v. State, Fla.App. 1958, 106 So.2d 630; Ashby v. State, supra; 78 A.L.R.2d 246, *415 267; cf. Moore v. Wainwright, Fla.App. 1971, 248 So.2d 262.
The evidence which was illegally seized should have been suppressed; defendant's arrest having been predicated upon an illegal search and seizure such arrest was unlawful thereby rendering defective the charge of resisting an officer. State v. Rameriz, Fla.App. 1973, 284 So.2d 241; Kirby v. State, Fla.App. 1969, 217 So.2d 619. See also 5 Am.Jur.2d Arrest § 94.
The convictions appealed from are reversed and the cause remanded to the trial court for further proceedings.
CROSS and DOWNEY, JJ., concur.