PER CURIAM.
The appellant was charged by information with the crime of possession of heroin. Upon a trial before the court, without a jury, he was found guilty and was so adjudged and sentenced to imprisonment in the state penitentiary for a term of three years. On appeal therefrom, it is contended by the appellant that the trial court erred in denying a motion for judgment of acquittal at the conclusion of the presentation of evidence by the state and at the close of the case, on the ground that the evidence upon which the conviction was based was insufficient to sustain the conviction.
Defendant-appellant complains that because Officer Hudson, the state’s sole witness as to the facts, contradicted himself under oath, his testimony was void of credibility and, therefore, the state did not prove the essential elements of the offense beyond a reasonable doubt. We acknowledge that although conflicts in the testimony do exist, it is within the trial court’s province as the trier of fact to resolve conflicts in the evidence presented and to rely on that which he finds worthy of belief. Hoover v. State, Fla.App. 1968, 212 So.2d 95; Eizenman v. State, Fla.App.1961, 132 So.2d 763. After conviction and at this, the review stage of the proceedings, all conflicts and reasonable inferences therefrom are resolved in support of the judgment of conviction. Shuler v. State, Fla.App.1968, 213 So.2d 312; Walden v. State, Fla.App.1966, 191 So.2d 68. Having found substantial competent evidence in the record to support the trial judge’s determination of guilt, we, therefore, affirm. Tafero v. State, Fla.App. 1969, 223 So.2d 564, cert. den., 225 So.2d 912; Williams v. State, Fla.App.1966, 187 So.2d 913, cert. den., 194 So.2d 622.
Affirmed.