BOYER, Judge,
dissenting:
Appellant, defendant in the trial court, was tried for grand larceny. The jury returned a verdict of guilty and the trial court denied a motion for new trial. This appeal followed.
Appellant urges that the trial court erred in overruling his objection to a statement made by the prosecutor in closing argument in response to a statement made by defense counsel. In my view there was no error.
As stated by our sister court of the Second District in Tribue v. State, 106 So.2d 630 (Fla.App. 2nd 1958):
“It is the duty of a trial judge carefully and zealously to protect an accused, so that he shall receive a fair and impartial trial, from improper or harmful statements or conduct by a witness or by a prosecuting attorney during the course of a trial. Also, it is the duty of a prosecuting attorney in a trial to refrain from making improper remarks or committing acts that would or might tend to affect the fairness and impartiality to which the accused is entitled. Sometimes in his zeal during the progress of a case, or in the heat engendered by a stoutly contested *190 controversy, a prosecuting attorney or defense counsel may propound a question or make a remark that would introduce objectionable matter when ordinarily this would not happen. The statements about which appellant is aggrieved came about apparently in a hotly contested trial; they were in response to and were prompted by specific questions asked and statements made by counsel for the defense. Although the statements under criticism may be judged as disparaging and improper, the appellant, under the circumstances of this case, cannot as a consequence obtain benefit from that which his own counsel prompted or provoked and thereby be favored with a reversal of the judgment. See Williams v. State, Fla.1953, 69 So.2d 766, and Henderson v. State, 1927, 94 Fla. 318, 113 So. 689. The trial court did not commit reversible error under this proposition.” (106 So.2d 633)
It is clear sub judice that the statements attributed to the prosecutor were in response to defense counsel’s closing argument. Even if they were objectionable (which I do not so find), they were fair comment and reply to the defense statements. A defendant may not have the benefit of statements of his own counsel which elicit or provoke response and yet object to the response. (See Hicks v. State, 242 So.2d 763 (Fla. 3rd DCA 1971)).