## STATE OF FLORIDA v SPOONAMORE

### Case No. 89-0055AC (A) 02

Fifteenth Judicial Circuit, Palm Beach County

December 12, 1989

**APPEARANCES OF COUNSEL**

**Robert S. Jeagers, Esquire,** Assistant State Attorney, for appellant.
**Leon St. John, Esquire,** for appellee.

**OPINION OF THE COURT**

REVERSED AND REMANDED

COHEN, J.

CARLISLE, J., concurs

MILLER, J., dissents

The State of Florida appeals the lower court's order granting a motion to suppress the evidence which forms the basis for charging the appellee Spoonamore with driving while under the influence of an alcoholic beverage to the extent his normal faculties were impaired.

The court adopts the lower court's findings of fact but reaches a different conclusion concerning the law. The lower court found as follows:

## "FINDINGS OF FACT

1. The Defendant was charged with D.U.I. based upon a detention of the Defendant which arose from an anonymous telephone call to the Palm Beach County Sheriff's Office.

2. The arresting officer received a radio dispatch from his dispatcher informing him that an anonymous telephone call from a citizen was calling from a cellular car telephone and was following a truck who had failed to stay within a single lane.

3. The citizen followed the Defendant to his home and the officer arrived after the Defendant had pulled into his driveway and stopped.

4. The officer did not view the Defendant driving, nor committing any traffic offense or criminal offense.

5. The officer pulled into the driveway behind the Defendant and instructed the Defendant, over the officer's loudspeaker, not to move.

6. The officer then approached the Defendant's vehicle, which was within a few feet of the Defendant's front door, and began to question him.

## FINDINGS OF LAW

7. The Defendant bases his Motion to Suppress upon two grounds: that the initial detention of the Defendant was not based upon information from the anonymous telephone call which possessed sufficient indicia of reliability to justify the detention and secondly, that the detention of the Defendant within the curtilage of his home was not based upon sufficient information to indicate that the Defendant had committed, was committing, or was about to commit a crime.

8. The Court finds that the detention of the Defendant was proper, based upon the information available to the officer at the time, had the detention occurred on a public street.

9. However, the detention and questioning of the Defendant occurred within the curtilage of his home which is considered part of the Defendant's home for purposes of the Fourth Amendment, *Oliver v United States*, 446 U.S. 170, at 180, 104 S.Ct. 1735, at 1742, 80 L.Ed.2d 214 (1984), and the arresting officer did not have

available to him sufficient information to justify entering the curtilage of the Defendant's home in questioning him.

10. In viewing the fact in a light most favorable to the State, the arresting officer only had an anonymous telephone call through his dispatcher that the Defendant had committed a traffic infraction, not a crime, and such information is insufficient under the Fourth Amendment to justify a law enforcement officer entering an individual's home to detain and question him. *Kishel v State,* 287 So.2d 414 (4th DCA 1974) . . . "

In *Gasset v State,* 490 So.2d 97 (Fla. 3d DCA 1986) the court stated:

The enforcement of our criminal laws, including serious traffic violations, is not a game where law enforcements officers are " 'it" ' and one is " 'safe" ' if one reaches " 'home" ' before being tagged . . . " '[A] suspect may not defeat an arrest which has been set in motion in a public place . . . by the expedient of escaping to a private place . . . Gasset's actions in this case were of sufficient gravity to justify the *de minimis* intrusion involved here. He jeopardized his own safety, the safety of the officers, and that of the general public. By his own actions, he cast aside any Fourth Amendment shield which might have served to protect him. We will not erect one for him now." ' See *Gasset,* at pp. 98-99.

Admittedly, the facts of the *Gasset* case were considerably more egregious than the case at bar. However, the general principle it stands for is applicable in this case.

The lower court based its decision on its finding that the "detention" and "questioning" of the appellee occurred within the curtilage of his home and that there was sufficient information to justify entering the curtilage to question the appellee. However, even within a potentially protected area, all supposed expectations of privacy are not objectively reasonable.

That the area is within the curtilage does not itself bar all police observation. The Fourth Amendment protection of the home has never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares. Nor does the mere fact that an individual has taken measures to restrict some view of his activities preclude an officer's observations from a public vantage point where he has a right to be and which renders the activities clearly visible . . . *California v Ciraolo,* 106 S.Ct. 1809, 90 L.Ed.2d 210, at 216-217.

Although *California v Ciraolo* was was an aircraft overflight observa-

tion case, the principles set forth in that decision should be applied to this case as well. We do not believe the appellee could have had a reasonable expectation of privacy in his open driveway. If the "detention" of the appellee was proper, as the lower court has found, had the "detention" occurred on a public street, it should also be proper in a place where an expectation of privacy would be unreasonable, i.e., an open driveway in full view of anyone passing by.

It is therefore

ORDERED AND ADJUDGED the lower court's order granting motion to suppress is reversed and this cause remanded to the trial court for further proceedings not inconsistent with this order and opinion.