198 So.2d 668 (1967)
Roosevelt FRENCH, Jerry Milbrook, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 66-518, 66-519.
District Court of Appeal of Florida. Third District.
May 9, 1967.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellants.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Barry N. Semet, James T. Carlisle, Asst. Attys. Gen., for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
The appellants seek review of their convictions and sentences, entered by the trial court pursuant to a non-jury trial, wherein they were found guilty of breaking and entering a dwelling with intent to commit a misdemeanor, to wit: petit larceny and petit larceny. The instant appeals have been consolidated for appellate purposes.
The record reveals the following: that a sergeant of the City of Miami Police Department stopped the appellants because he was under the impression they were in custody, pursuant to a previous one-year incarceration by the juvenile court. Upon ascertaining they had been released, he offered to give them a ride home. They got into the car and the sergeant asked what was in a package the appellant [French] was carrying. He then took the package and when he did a camera fell out. He then pulled back the appellant's [Milbrook] coat and took some boots that were in Milbrook's possession. Thereupon the appellants were arrested.
An information was filed against each appellant, charging them with breaking and entering a dwelling with intent to commit a felony, to wit: grand larceny, and grand larceny. The cause proceeded to a non-jury trial and the trial court, pursuant to appellants' motion, suppressed the introduction into evidence of the tangible evidence. However, the trial court permitted into evidence, over appellants' objection, oral statements of the appellant Milbrook and written statements of both appellants. The trial terminated in the convictions and sentences appealed herein.
*669 Under the circumstances, it appears that we are compelled to reverse these convictions. Once the trial court found that the tangible evidence, obtained as a result of an illegal search and seizure, could not be introduced into evidence it should have precluded the introduction into evidence of the oral and written confessions of the appellants, which were obtained after the police official confronted them with the tangible evidence which had been illegally seized. Evidence obtained as a result of an unreasonable search and seizure is inadmissible against one who has standing to complain. See: Gildrie v. State, 94 Fla. 134, 113 So. 704; Leveson v. State, Fla.App. 1962, 138 So.2d 361; State v. Leveson, Fla. 1963, 151 So.2d 283; Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933; Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. Evidence which is located by the police as a result of information and leads obtained from illegally seized evidence, constitutes "the fruit of the poisonous tree" and is equally inadmissible in evidence. See: Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; United States v. Wallace & Tiernan Co., 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042; Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. Statements made by a defendant when confronted by the police with the fruits of an illegal search constitute "the fruit of a poisonous tree" and are inadmissible in evidence. See: Wong Sun v. United States, supra; Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171; Duncan v. State, 278 Ala. 145, 176 So.2d 840; People v. Bilderbach, 62 Cal.2d 757, 44 Cal. Rptr. 313, 401 P.2d 921 (1965); State v. Kitashiro, 48 Haw. 204, 397 P.2d 558; People v. Rodriguez, 11 N.Y.2d 279, 229 N.Y.S.2d 353, 183 N.E.2d 651. The trial court having concluded that the discovery of the tangible evidence was as a result of an unlawful search, the introduction into evidence of the oral and written confessions [which were forthcoming from the defendant within a very short time of the unlawful search and seizure of the tangible evidence] should have been precluded. See: Outten v. State, Fla.App. 1967, 197 So.2d 594 (opinion filed March 17, 1967).
Therefore, the convictions, judgments and sentences here under review are hereby reversed, with directions to discharge the defendants from the cause.
Reversed and remanded with directions.