PER CURIAM.
The appellant was indicted for rape. On trial before a jury he was convicted of the lesser included offense of assault with intent to commit rape. He was adjudged guilty thereof and sentenced to confinement for a period of 20 years in the state penitentiary. The three points presented on appeal have been considered in the light of the record and briefs, and are found to he without merit.
Denial of the defendant’s motion to suppress certain evidence obtained from the apartment of one Rodriguez, was not error. Two men, later identified as the appellant and Rodriguez, entered the victim’s residence. They tied up her maid, and when *479 the victim returned to her home they also tied her up and robbed her of certain valuables; and then, according to the victim, the appellant raped her.
The victim and her maid identified the men from photographs supplied by the police, and subsequently the victim identified them in a police line-up.
The appellant and Rodriguez resided in separate apartments in an apartment building. Based on the initial identification from their photographs, the police proceeded to the apartment house where they resided and arrested the appellant and Rodriguez. The latter was arrested first. He was found seated beside the apartment house swimming pool, approximately 30 feet from the apartment he occupied. Upon searching Rodriguez’ apartment the police found certain of the stolen property, one article of which bore a fingerprint of the appellant. Such evidence was offered for the purpose of placing the defendant at the scene of the alleged crime. Ruiz moved to suppress. The trial court denied the motion. We hold that ruling was correct.
The defendant claimed he had a proprietary interest in the Rodriguez apartment sufficient to entitle him to resist the use of the evidence, which it was contended had been obtained as a result of unlawful arrest and search. Specifically, the defendant contended the search of the Rodriguez apartment was not incident to the arrest but that Rodriguez was purposely arrested within his apartment as a means of making a search not otherwise authorized, and that the arrest was incident to the search. The record refutes that argument.
In considering the motion to suppress, the court was entitled to conclude from the evidence that Rodriguez was arrested prior to entering his apartment, and that the search of his apartment was incident to that arrest and was not remote in time or distance from the arrest. Moreover, the evidence relied on by the defendant to show standing to challenge the search made in the Rodriguez apartment was inadequate to support that claim. The evidence was to the effect that he had a key to Rodriguez’ apartment, had spent a night there on occasion and that some articles belonging to him (glasses, water container, towels) were in Rodriguez’ apartment. That showing did not meet the requirement that to enjoy standing to challenge the search of the Rodriguez apartment, it was incumbent upon Ruiz to show he was the owner, lessee, or lawful occupant of the premises searched, as held in Mixon v. State, Fla.1951, 54 So.2d 190, 192; State v. Smith, Fla.App. 1960, 118 So.2d 792; McCain v. State, Fla.App.1963, 151 So.2d 841; Robinson v. State, Fla.App.1967, 194 So.2d 29. Cf. State v. Leveson, Fla.1963, 151 So.2d 283.
The appellant contends the trial court committed error in receiving in evidence over his objection testimony of an admission made by him in the presence of one of the arresting officers. The trial was held in April of 1966, prior to the effective date of the now well-known Miranda decision of the United States Supreme Court. The voluntariness of the admission was not disputed, and it was not extracted in the course of any interrogation. Following the arrest, and while one of the arresting officers was writing out the charge in the presence of the appellant, the latter observed that the officer was listing Rodriguez as well as himself for the rape, whereupon he volunteered the question : “How come Tony’s charged with rape too ?” The “Tony” referred to there was Rodriguez, who also was known by the alias of Tony Ramos. The testimony of the officer, disclosing that admission by Ruiz, was properly admissible. Montgomery v. State, Fla. 1965, 176 So.2d 331; Belger v. State, Fla.App.1965, 171 So.2d 574, 577.
The appellant contended reversible error was committed by the admission in evidence of a card offered for the purpose of showing the defendant’s fingerprints as taken by the police, which in turn served to identify, as that of Ruiz, a print on one *480 of the stolen articles found upon search of Rodriguez’ apartment. The basis of the objection thereto was that the testimony of all of the persons through whose hands the fingerprint card made by the police had passed was not presented. The failure to do so is not a basis for reversal in view of the fact the officer who took the appellant’s fingerprints sufficiently identified the card bearing the appellant’s prints as the one which had been made by him. Urga v. State, Fla.App.1963, 155 So.2d 719; Blitch v. State, Fla.App.1967, 194 So.2d 1.
No reversible error having been made to appear, the judgment appealed from is affirmed.
Affirmed.