PER CURIAM.
Elijah Wooten appeals from separate judgments of conviction entered by the Pi-nellas County Circuit Court on separate jury verdicts of guilt rendered after a consolidated trial of two informations against him for felony.
Information No. 16,778 filed in said Court charged defendant Wooten with unlawful possession of barbiturates. Information No. 16,780 charged him with unlawful possession of certain narcotic drugs, to-wit: morphine. The filing of the charges followed the seizure of the barbiturates and morphine as a result of a search by St. Pe-tersburg police officers, under search warrant, of certain described premises in St. Petersburg about midnight on January 10, 1967. The premises searched was a two-story building, the ground floor being commercial premises but unoccupied at the time. Upstairs there were two apartments, one vacant and the other occupied by numerous people, including Wooten. Several children were asleep in bed. The contraband drugs were found and confiscated by the officers, and Wooten admitted that fingerprints found on one of the bottle containers were his.
Wooten filed motion to suppress the articles so taken. Upon hearing and taking of testimony prior to trial, the motion was denied. Upon pleas of not guilty to the infor-mations, the two cases were consolidated for trial, pursuant to which the jury returned separate verdicts of guilt. In due course, Wooten was sentenced by the Court to serve five years in the State Prison upon each information, to run concurrently. Wooten filed separate notices of appeal. The appeals have been consolidated here for purpose of disposition. Two main contentions are urged here by Wooten, (1) the search of the premises which produced the drugs violated his Constitutional rights, and (2) the sentence of five years on the barbiturates information, No. 16,778, was invalid in that the statute under which it was brought, F.S. Sec. 404.15, F.S.A., provides a maximum of two years in the State Prison for a first offense, which this presumably was.
The State concedes the contention as to the excessive sentence under information No. 16,778 and agrees that that case may be remanded back to the trial Court for imposition of proper sentence.
Upon the question of legality of the search and seizure, the State seeks to justify the same on several contentions, one being that, both at the hearing on motion to suppress and also at the trial, Wooten failed to show sufficient legal “standing” to be heard to object. We have examined the record and briefs carefully and are of the view that nothing could be gained by writing an extended opinion, as the points raised on invalidity of the search have been determined and disposed of adverse to the defendant by the Florida appellate courts in many cases. The two appeals are therefore affirmed on the merits, upon the authority of Ruiz v. State, Fla.App.1967, 199 So.2d 478; Tribue v. State, Fla.App.1958, 106 So.2d 630; State v. Smith, Fla.App.1960, 118 So.2d 792; Cameron v. State, Fla.App.1959, 112 So.2d 864; and Alexander v. State, Fla.App.1958, 107 So.2d 261. See also 2 Fla.Jur. Appeals, § 290 et seq.
In the case numbered on appeal here as 67-241, information No. 16,778 in the Circuit Court, the trial Judge is directed upon remand to impose proper sentence in accordance with F.S. Sec. 404.15, F.S.A.
Affirmed, with directions.
LILES, C. J., and PIERCE and HOB-SON, JJ., concur.