PEARSON, Judge.
The appellant was adjudged guilty after trial by the court of the crime of unlawful possession of marijuana. He was sentenced to three years at hard labor in the state penitentiary. This appeal is from the judgment and sentence.
Appellant’s single point on appeal turns upon the legality of his arrest. It is urged that the court erred in admitting into evidence appellant’s admission that he had left a package in a taxicab and a police officer’s testimony that upon later search of the taxicab the officer found a package of what proved to be marijuana. The package was also admitted into evidence. The logical progression of appellant’s argument is: (1) the appellant’s arrest was illegal because it was made without probable cause; (2) the admission by the appellant that he had left a package in the taxicab was a product of his illegal arrest; (3) the search of the taxicab was illegal because (a) it was made without a search warrant, and (b) it was occasioned by the illegally obtained admission; (4) therefore the court erred in denying appellant’s motion to suppress the physical evidence and in admitting testimony as to the search and its results.
We begin by agreeing with appellant that if the search of the taxicab was illegal the court should have granted the motion to suppress, and if the evidence of the search is excluded there is insufficient remaining evidence to support the conviction.
The arrest and the search occurred in the following way. At about 5:20 A.M. the arresting officer was cruising in a marked police car on Miami Beach. He received a radio message that a robbery had just occurred in the area and that the criminal was thought to still be in the neighborhood. The officer spotted and followed a taxi in which the appellant was the only passenger. The officer testified that he thought that appellant acted suspiciously in that the appellant continued to keep his eyes on the police car. The officer stopped the taxi. The driver of the taxi on request displayed his trip sheet, which showed that the appellant had been picked up within a block and one-half of the site of the robbery. After observing the appellant, the officer determined that he was suspiciously attired in view of the hour and the area. Appellant wore a dark shirt and dark dungarees and was barefooted. Despite the officer’s testimony that he did not at this time arrest the appellant, it is apparent he actually arrested the appellant as a suspect in the robbery because he advised him of his constitutional rights, forced him to get out of the cab, and searched him. When asked if he could account for his whereabouts during the preceding half hour, the appellant told the officer that he had been visiting a friend in the neighborhood. The two went to the apartment designated, which was occupied by one Carlough. There the officer was at first refused admission but later entered and found marijuana cigarette butts and marijuana seeds in plain view. The officer then arrested the appellant, Car-lough, and one other person who was present in the apartment, for the possession of marijuana. The officer questioned Carlough, who told him that the appellant had brought the marijuana to the apartment. After bringing his prisoners to the police station, the officer received information from a confidential informant that there was marijuana in the cab. Appellant was again informed of his rights and ques *380 tioned. The appellant admitted he had left a brown paper bag under the rear seat of the cab. The cab was called back to the police station about forty minutes after the officer had discharged it. When the cab arrived at the police station, it was searched without a warrant. A brown paper bag containing marijuana was found under the rear seat. The cab driver had carried one fare before he picked up the appellant and one fare after the appellant had left his cab.
A hearing was had upon appellant’s and upon Carlough’s motions to suppress the evidence seized at the apartment and upon appellant’s motion to suppress the evidence seized in the cab. The court granted Car-lough’s motion as to the marijuana cigarette butts and marijuana seeds seized at the apartment[1] but denied appellant’s motion as to that evidence upon the ground that appellant had no standing to question the validity of the search of the apartment because he had no possessory interest in the apartment. The court also denied appellant’s motion to suppress the evidence seized in the cab because appellant had no standing to question the validity of the search of the cab. Appellant was found guilty only of possession of the marijuana in the cab.[2]
We think it is clear from this record that appellant’s arrest as a suspect in the robbery was terminated at the time of the search and arrest at Carlough’s apartment. The purpose of the trip to the apartment was to confirm appellant’s statement that he had been visiting Carlough at the time of the robbery. It is apparent that the investigating officer accepted appellant’s and Carlough’s explanations because appellant was rearrested upon the charge of possession of marijuana. This charge was based upon appellant’s explanation of his whereabouts and was therefore incompatible with the arrest upon suspicion of the robbery.
We turn now to appellant’s contention that he was illegally arrested for the possession of the marijuana cigarette stubs and marijuana seeds at the apartment. We hold that this arrest without a warrant was illegal because it was made without probable cause. At the time of the arrest the officer acted upon his observation of marijuana in the apartment and the appellant’s statement that he had visited the apartment shortly before. At this point it should be noted that the trial court denied appellant’s motion to quash the physical evidence seized at the apartment because the appellant had no possessory right or interest in the premises searched. In so ruling the trial judge followed Florida law set forth in Evans v. State, Fla.App., 1967, 197 So.2d 323, and Ruiz v. State, Fla.App., 1967, 199 So.2d 478. The only relationship between the appellant and the marijuana seized in the apartment (and therefore that which must have been the basis of the trial court’s ruling) was a suspicion on the part of the arresting officer that the marijuana and the appellant had *381 been in the apartment contemporaneously earlier. Suspicion alone does not constitute probable cause for an arrest; an arrest must be based upon facts which would lead a reasonable person to believe that the accused has committed an offense. Rogers v. State, 158 Fla. 582, 30 So.2d 625 (1947); Benefield v. State, Fla., 1964, 160 So.2d 706.
After the illegal arrest of the appellant and Carlough the officer received certain additional information: (1) Car-lough’s statement that appellant brought marijuana to the apartment; (2) a confidential informant’s statement that there was marijuana in the taxicab; (3) appellant’s admission that he left a package in the taxicab. The information in (1) was obtained directly as a result of what the trial court ruled was an illegal search (and therefore illegal arrest) of Carlough. The information in (3) was obtained as a consequence of appellant’s illegal arrest. Without the statement in (3) there was no evidence to tie appellant to the marijuana subsequently found in the cab. We conclude that (3) should have been suppressed because of the “fruit of the poisonous tree doctrine.”
Illegally obtained evidence may not be introduced into evidence against a defendant. Gildrie v. State, 94 Fla. 134, 113 So. 704 (1927); French v. State, Fla.App., 1967, 198 So.2d 668. In the French case this court held that:
“Statements made by a defendant when confronted by the police with the fruits of an illegal search constitute ‘the fruit of a poisonous tree’ and are inadmissible in evidence.” 198 So.2d at 669.
We think it follows that statements made by a defendant after an unlawful arrest are also “fruit of a poisonous tree” and hence inadmissible as evidence against him. Cf. Polania v. State, Fla.App., 1968, 208 So.2d 624. We therefore hold that the court'erroneously denied appellant’s timely objection to the admission into evidence of the appellant’s statement concerning a package in the taxi which statement was obtained while appellant was illegally held in custody.
The judgment and sentence are reversed and the cause remanded with directions to discharge the appellant.

. “THE COURT: Well, I’m going to grant the motion as to Carlough on the search of the house and hold that that tainted the whole arrest and any subsequent conversations he may have had as to Carlough.”

. “THE COURT: For the record, let me state this: That although I admitted into evidence the items found in the apartment, having denied the motion to suppress, I admitted them as being relevant and material from a standpoint of a circumstance to be considered by the Court in this case.
“However, I am specifically finding him' guilty of possession of the marijuana found in the brown bag, which has been marked as State’s Exhibit No. 5; is it?
“THE CLERK: Yes, sir.
“THE COURT: And since, of course, in the Information everything was more or less lumped together, I wanted to make this clear for the purpose of whatever future proceedings may be had, that the marijuana which I am finding him guilty of being in possession of is the State’s Exhibit No. 5.
“But I allowed into evidence the other items as being in my opinion relevant and material as part of all of the circumstances in the case.”