STATE OF WEST VIRGINIA

*v.*

LONNIE EDWARD FARLEY

(No. 14483)

Decided July 14, 1981.

*William E. Kiger* for plaintiffs.

*Chauncey H. Browning*, Attorney General, *Gregory W. Bailey*, Deputy Attorney General, for defendant.

PER CURIAM:

The defendant, Lonnie Edward Farley, was convicted in the Circuit Court of Wood County for possession of a controlled substance (marijuana) and was sentenced to six months in the Wood County Correctional Center. He alleges that: (1) the marijuana admitted into evidence was the product of an illegal search and should have been suppressed; and (2) the trial court erred in admitting statements made by him at the time he was arrested and shortly thereafter.

The evidence in the case discloses that during the early morning hours of April 2, 1977, the defendant left an establishment known as "Someplace Else" in downtown Parkersburg with two of his friends who were brothers, Randy Bailey and Addison Bailey. The defendant had apparently gone to Someplace Else alone, but met his friends inside and requested a ride home. The three got into the car which was parked in a nearby parking lot; Addison

Bailey was driving, his brother was in the rear, and the defendant was in the passenger's seat.

The testimony indicates that the three men had been inside the vehicle for approximately one minute when a city police officer in responding to another call sighted the automobile and, not being able to determine what the three occupants were doing, approached the car. Officer Dougherty's testimony was that he walked to the passenger side of the vehicle and saw in the defendant's hand: "this aluminum foil with a green cake-like substance. The aluminum foil was open and the green cake-like substance was just lying there." The officer testified that as he shined his flashlight into the interior of the automobile, specifically on the green substance, the defendant wadded up the foil. The officer then opened the passenger door and twice demanded that he be given the substance, and the defendant refused.

As he started to get into the car and take the foil, the defendant said, "Okay, you can have it," and handed it to him. At this point, the police officer ordered the defendant out of the car, placed him against the vehicle, and recognizing the defendant as having an outstanding traffic warrant against him, arrested him on the traffic charge.

The officer called for a back-up unit which arrived shortly thereafter. A Sergeant Holcomb then arrived on the scene and was present and heard Officer Dougherty give defendant his *Miranda* rights. At this point in time, the defendant advised the arresting officer that he did not want to make a statement. Immediately thereafter, Sergeant Holcomb, without repeating the *Miranda* rights, asked defendant what was in the foil package and the defendant said that is was hashish.

Sergeant Holcomb then transported the defendant to the police station, and while they were waiting for defendant's brother-in-law to arrive and post bond on the traffic charge, initiated another conversation in which the defendant

related how one smokes and uses hashish.[1] At no time did Sergeant Holcomb read defendant his *Miranda* rights, but relied on the rights given by Officer Dougherty.

After the development of these facts in an *in camera* suppression hearing, the trial court ruled that the defendant's inculpatory statements and the twenty-six grams of marijuana seized from him were admissible.

With respect to the admission of the marijuana, the defendant claims that the officer had no probable cause to arrest him and therefore any contraband seized was the result of an illegal arrest and constitutes the product of an unlawful search and seizure. The State, on the other hand, aruges that since the contraband was seen by the arresting officer through the window of the automobile, there was no search involved in the seizure of the drug.

Searches conducted without a warrant are *per se* unreasonable under the Fourth Amendment and Article III, Section 6 of the West Virginia Constitution unless they fall within a limited number of carefully defined exceptions. *See,* Syl. pt. 1, *State v. Moore,* 165 W.Va. 837, 272 S.E.2d 804 (1980). "As a corollary to this rule, the burden rests on the State to show by a preponderance of the evidence that the warrantless search falls within an authorized exception." *State v. Moore, supra,* at 808.[2]

We agree with the defendant's contention that the exception for a search as an incident to a lawful arrest does not justify the seizure of the marijuana in this case. This exception as set out in *Chimel v. California,* 395 U.S. 752, 89

---

[1] Sergeant Holcomb testified as to what occurred in the police station:

"A I asked him again about the stuff in the foil and how you used it. I remember he said you break off a piece about as big as a pencil eraser. I asked him how well it burns; and he said there is no problem with it burning, that it burns rather good.

"Q Did he say anything else?

"A Yes, he said that was his personal—he said he wasn't selling it or anything, that was for his own personal use and that that was just his thing. He liked to do that."

[2] *See* footnote 4 of *State v. Moore,* 165 W.Va. 837, 272 S.E.2d 804 (1980), where we summarized the ten exceptions to warrantless searches that have been recognized by the United States Supreme Court.

S.Ct. 2034, 23 L.Ed.2d 685 (1969), permits a warrantless search of the person and the immediate geographic area under his physical control as an incident to a lawful arrest.

"The predicate for a *Chimel* search . . . is an initial lawful arrest." *State v. Moore, supra,* at 813. In the present case, there was no arrest of the appellant until after the officer had already searched the vehicle and seized the marijuana. In Syllabus Point 8 of *State v. Moore, supra,* we stated:

> " 'An arrest cannot be justified by the fruits of an illegal search.' Syllabus Point 10, in part, *State v. Thomas,* W.Va. 203 S.E.2d 445 (1974)."

As previously noted, the State argues that the "plain view" exception to warrantless searches applies in this case to validate the seizure of the marijuana. In Syllabus Point 7, of *State v. Moore, supra, citing.* Syl. pt. 3, in part, of *State v. Stone,* 165 W.Va. 266, 268 S.E.2d 50 (1980), we stated:

> "A warrantless seizure of property in plain view is constitutionally permissible provided three requirements are met: '(1) the police must observe the evidence in plain sight without benefit of a search [without invading one's reasonable expectation of privacy], (2) the police must have a legal right to be where they are when they make the plain sight observation and, (3) the police must have probable cause to believe that the evidence seen constitutes contraband or fruits, instrumentalities or evidence of crime.' "

We believe the State is correct in its assertion that the search here falls within the "plain view" exception. The second and third requirements were clearly met. The only question arises in the first requirement, whether the police officer observed the marijuana in "plain view", so that the observation was inadvertent or was done without the benefit of a search "which invaded one's reasonable expectation of privacy." *State v. Moore, supra,* at 814 and the cases cited therein.

Officer Dougherty's testimony at the suppression hearing was that an interior light in the automobile was on and

that he observed the marijuana (the "green cake-like substance") when he looked inside the vehicle through the right passenger window, He was able to see the substance without the benefit of his flashlight, and it was only after he observed it that he turned his flashlight on and shined it into the interior of the automobile.

Randy Bailey and Addison Bailey testified for the defense at the *in camera* hearing. They stated that there was no light on inside the car when Officer Dougherty approached and that the parking lot was totally dark. Randy, who was sitting in the rear seat of the car, said that all he noticed in the defendant's hand was a piece of tinfoil; Addison Bailey was in the driver's seat and he testified that he did not see anything in appellant's hand.

The trial court was confronted with conflicting testimony as to whether the contraband was in plain view given the poor lighting in the parking lot. It resolved the credibility issue in favor of the State, and held that the controlled substance was in plain view. We cannot, from the evidence, say that the court was clearly wrong in making this factual determination. In addition, the officer's observation clearly did not invade any reasonable expectation of privacy on the part of the defendant. We conclude that the officer's observation of the contraband fell within the "plain view" exception, permitting a warrantless seizure of the hashish, and we affirm the trial court.

The second issue in this case is whether the inculpatory statements made by defendant to Sergeant Holcomb at the time he was arrested and shortly thereafter are admissible when they were made after the defendant had expressed a desire to remain silent.

In Syllabus Point 3 of *State v. Rissler,* 165 W.Va. 640, 270 S.E.2d 778 (1980), we stated:

> "Once a person under interrogation has exercised the right to remain silent guaranteed by *W.Va. Const.* art. III § 5, and *U.S. Const.* amend. V, the police must scrupulously honor that privilege. The failure to do so renders subsequent statements inadmissible at trial."

*See also, State v. Clawson,* 165 W.Va. 588, 270 S.E.2d 659 (1980).

The evidence from the suppression hearing leaves no doubt that Sergeant Holcomb heard the defendant tell another officer that he did not wish to make a statement, after he was given his *Miranda* rights. It is also clear that Sergeant Holcomb proceeded to ask the defendant questions about the contraband which was seized. By doing so the police sergeant failed to scrupulously honor defendant's privilege against self-incrimination. We therefore conclude that the trial court was incorrect as a matter of law in holding that defendant's statements were admissible.

For the foregoing reason, the judgment of the Circuit Court of Wood County must be reversed and the case is remanded for a new trial.

*Reversed and remanded.*