723 S.E.2d 651

STATE of West Virginia, Plaintiff Below, Respondent

v.

Paula D. HOSTON, Defendant Below, Petitioner

and

State of West Virginia, Plaintiff Below, Respondent

v.

Reese T. Riley, Defendant Below, Petitioner.

Nos. 11–0120, 11–0457.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 18, 2012.

Decided Feb. 24, 2012.

Henry L. Harvey, Esq., Joseph T. Harvey, Esq., Harvey & Janutolo Law Offices, Princeton, WV, for Petitioners.

Darrell V. McGraw, Jr., Esq., Attorney General, Thomas W. Rodd, Esq., Assistant Attorney General, Charleston, WV, for Respondent.

WORKMAN, Justice:

These consolidated cases [1] are before this Court upon appeals of final orders entered by the Circuit Court of Mercer County. By order entered on December 20, 2010, Petitioner Paula D. Hoston was sentenced to an indeterminate term of not less than one nor more than fifteen years in the penitentiary for the offense of "Delivery of a Schedule II Controlled Substance, to Wit: Cocaine" and an indeterminate term of not less than one nor more than five years in the penitentiary for the offense of "Delivery of a Non–Narcot-

---

1. By order entered on May 11, 2011, these cases were consolidated for purposes of oral argument and decision because they present the same issue for resolution by this Court.

ic Schedule II Controlled Substance." The court ordered the sentences to be served consecutively. By order entered on February 10, 2011, Petitioner Reese T. Riley was sentenced to three consecutive indeterminate terms of not less than one nor more than five years in the penitentiary for three counts of the offense of "Delivery of a Schedule III Non–Narcotic Controlled Substance." The circuit court ordered, however, that said sentence be suspended and that Petitioner Riley be placed on parole for a period of five years with the condition that he be under home confinement for one year.

■ In their appeals, both petitioners challenge the circuit court's denial of their motions to suppress evidence obtained against them through the use of a "body wire"[2] worn by a confidential informant into their homes which recorded the illegal drug transactions. The electronic interception was authorized in both cases by a magistrate pursuant to W. Va.Code § 62–1F–2 (2007) (Repl.Vol.2010).[3] The petitioners contend that such electronic interception can only be authorized by one of five designated circuit court judges pursuant to W. Va.Code § 62–1D–7 (1987) (Repl.Vol.2010),[4] and therefore, the evidence was illegally obtained and should have been suppressed as "fruit of the poisonous tree."[5]

This Court has before it the petitions for appeal, the responses thereto, and the submitted records. For the reasons set forth below, the final orders of the circuit court are affirmed.

## I.

## FACTS

On October 7, 2009, Magistrate Roy M. Compton signed an order authorizing electronic interception in Petitioner Hoston's home upon finding probable cause that such electronic interception would provide evidence of criminal conduct. Thereafter, a confidential informant wearing a body wire went into Petitioner Hoston's home and purchased drugs from her. On October 13, 2010, Petitioner Hoston was indicted on two counts of "Delivery of a Schedule II Controlled Substance, To Wit: Cocaine" and one count of "Delivery of a Schedule II Controlled Substance, To Wit: Oxycodone."

Similarly, on October 16, 2009, Magistrate Charles Poe signed an order authorizing electronic interception in Petitioner's Riley's home upon finding probable cause to believe that a drug transaction was going to occur. A confidential informant wearing a body wire then went into Petitioner Riley's home and purchased drugs from him. Petitioner Riley was also indicted on October 13, 2010. He was charged with three counts of "Delivery of a Schedule III Controlled Substance, To Wit: Hydrocodone," one count of "Delivery of a Schedule II Controlled Substance, To Wit: Oxycodone," and one count of "Possession with Intent to Deliver a Schedule III Controlled Substance, To Wit: Hydrocodone."

Subsequently, both petitioners filed motions to suppress evidence seeking to exclude

2. A "body wire" is defined by W. Va.Code § 62–1F–1(a)(1) (2007) (Repl.Vol.2010) as:

(a) an audio and/or video recording device surreptitiously carried on or under the control of an investigative or law enforcement officer or informant to simultaneously record a nonconsenting party's conduct or oral communications; or ([b]) radio equipment surreptitiously carried on or under the control of an investigative or law enforcement officer or informant to simultaneously transmit a nonconsenting party's conduct or oral communications to recording equipment located elsewhere or to other law-enforcement officers monitoring the radio transmitting frequency.

3. The text of W. Va.Code § 62–1F–2 is set forth in the Discussion section of this opinion. *See* Section III, *infra.*

4. The text of W. Va.Code § 62–1D–7 is set forth in the Discussion section of this opinion. *See* Section III, *infra.*

5. "Under the fruits of the poisonous tree doctrine '[e]vidence which is located by the police as a result of information and leads obtained from illegal[ ] [conduct], constitutes "the fruit of the poisonous tree" and is ... inadmissible in evidence.' *State v. Stone,* 165 W.Va. 266, 272, 268 S.E.2d 50, 54–55 (1980) (quoting *French v. State,* 198 So.2d 668 (Fla.Dist.Ct.App.1967))." *State v. DeWeese,* 213 W.Va. 339, 346, 582 S.E.2d 786, 793 (2003).

all of the audio/video recordings; telephone conversations; their statements, if any; and all physical evidence pertaining to their cases pursuant to Article III, Section 6 of the West Virginia Constitution.[6] In both cases, the petitioners argued that the evidence was illegally obtained as a result of the orders entered by the magistrates which authorized the police to use electronic interception. The motions to suppress were denied in both cases on November 22, 2010. Thereafter, both petitioners entered conditional guilty pleas pursuant to Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure[7] whereby they reserved the right to appeal the circuit court's denial of their motions to suppress. These appeals followed.

## II.

### STANDARD OF REVIEW

■■■■ As set forth above, the petitioners are appealing the circuit court's denial of their motions to suppress evidence.

On appeal, legal conclusions made with regard to suppression determinations are reviewed *de novo*. Factual determinations upon which these legal conclusions are based are reviewed under the clearly erroneous standard. In addition, factual findings based, at least in part, on determinations of witness credibility are accorded great deference.

Syllabus Point 3, *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994). In this instance, the petitioners are only challenging the legal determinations made by the circuit court in denying their motions to suppress. Therefore, the orders will be reviewed *de novo*.

## III.

### DISCUSSION

In this appeal, the petitioners challenge the statutory and constitutional authority of

magistrates to issue orders that allow law enforcement and/or their informants to surreptitiously use a body wire to record conduct and/or oral communications in a nonconsenting party's home if probable cause is established by affidavit that such recording will provide evidence of criminal conduct. To be clear, the petitioners are not challenging the probable cause findings made in the magistrate orders issued in their cases. Rather, they contend that only a circuit judge who has been specifically designated by this Court pursuant to the provisions of the West Virginia Wiretapping and Electronic Surveillance Act, W. Va.Code §§ 62–1D–1 to –16 (hereinafter "the Wiretapping Act"), has the statutory and constitutional authority to issue orders authorizing in-home electronic interception. In particular, the petitioners rely upon W. Va.Code § 62–1D–7, which provides:

> The Chief Justice of the Supreme Court of Appeals shall, on an annual basis, designate five active circuit court judges to individually hear and rule upon applications for orders authorizing the interception of wire, oral or electronic communications: Provided, That no designated circuit judge may consider any application for such an order if he or she presides as judge of the circuit court of the county wherein the applied for installation would occur or of the county wherein the communications facility, line or device to be monitored is located.

As additional support for their contention that only one of the five designated circuit court judges may authorize in-home electronic interception, the petitioners rely on this Court's holdings in *State v. Mullens*, 221 W.Va. 70, 650 S.E.2d 169 (2007).

In *Mullens*, the police employed a confidential informant wearing a hidden electronic

---

6. Article III, Section 6 of the West Virginia Constitution states:

> The rights of the citizens to be secure in their houses, persons, papers and effects, against unreasonable searches and seizures, shall not be violated. No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized.

7. With respect to conditional pleas, Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure provides:

> With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

surveillance device to make an illegal drug purchase at Mr. Mullens's home without first obtaining judicial authorization. Like the petitioners in the present case, Mr. Mullens entered a conditional plea and preserved his right to challenge the circuit court's refusal to suppress the evidence obtained against him by the confidential informant. On appeal, Mr. Mullens argued that the police were required to obtain a warrant before employing an informant to come into his home and make an audio and video recording.

Upon review, this Court reversed Mr. Mullens's conviction and remanded the case to allow him to withdraw his guilty plea. This Court found that while the one party consent exception in the Wiretapping Act[8] did not require the police to obtain a warrant before conducting electronic surveillance with an informant, the search and seizure provision of the West Virginia Constitution required prior authorization when the electronic surveillance was going to occur in a non-consenting party's home. Accordingly, this Court held in Syllabus Points 2 and 4 of *Mullens*, respectively:

It is a violation of West Virginia Constitution article III, § 6 for the police to invade the privacy and sanctity of a person's home by employing an informant to surreptitiously use an electronic surveillance device to record matters occurring in that person's home without first obtaining a duly authorized court order pursuant to W. Va.Code § 62–1D–11 (1987) (Repl.Vol. 2005).[9] To the extent that *State v. Thompson*, 176 W.Va. 300, 342 S.E.2d 268 (1986), holds differently, it is overruled.

Article III, § 6 of the West Virginia Constitution prohibits the police from sending an informant into the home of another person under the auspices of the one-party consent to electronic surveillance provisions of W. Va.Code § 62–1D–3[ (c) ](2) (1987) (Repl.Vol.2005) where the police have not obtained prior authorization to do so pursuant to W. Va.Code § 62–1D–11 (1987) (Repl.Vol.2005).

(Footnote added). Thus, based on the provisions of the Wiretapping Act and this Court's holdings in *Mullens*, the petitioners maintain that the circuit court erred by denying their motions to suppress the evidence in their cases because the police obtained prior authorization to use a body wire from a magistrate instead of a designated circuit court judge.

The State contends, however, that magistrates have the legal authority to issue orders permitting electronic interception pursuant to the more recently enacted W. Va. Code §§ 62–1F–1 to –9, which address electronic interception of a person's conduct or oral communications in his or her home by law enforcement. Specifically, the State relies upon W. Va.Code § 62–1F–2(a), which states as follows:

Prior to engaging in electronic interception, as defined in section one [§ 62–1F–1] of this article,[10] an investigative or law-enforcement officer shall, in accordance with this article, first obtain from a magistrate or a judge of a circuit court within the county wherein the nonconsenting party's home is located an order authorizing

**8.** W. Va.Code § 62–1D–3(c)(2) (1987) provided:
It is lawful under this article for a person to intercept a wire, oral or electronic communication where the person is a party to the communication or where one of the parties to the communication has given prior consent to the interception unless the communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or the Constitution or laws of this state.
As discussed *infra*, this statute was amended in 2007, and this section was redesignated as W. Va.Code § 62–1D–3(e).

**9.** W. Va.Code § 62–1D–11 states, in pertinent part:

(a) Each application for an order authorizing the interception of a wire, oral or electronic communication shall be made only to a designated judge by petition in writing upon oath or affirmation and shall state the applicant's authority to make the application.

**10.** "Electronic interception" is defined as "the simultaneous recording with a body wire of a nonconsenting party's conduct or oral communications in his or her home by an investigative or law-enforcement officer or informant who is invited into the home and physically present with the nonconsenting party in the home at the time of the recording." W. Va.Code § 62–1F–1(a)(5) (2007) (Repl.Vol.2010).

said interception. The order shall be based upon an affidavit by the investigative or law-enforcement officer or an informant that establishes probable cause that the interception would provide evidence of the commission of a crime under the laws of this State or the United States.

(Footnote added). Based on this statute, the State says that magistrates clearly have the authority to issue electronic interception orders.

The petitioners acknowledge that W. Va. Code § 62–1F–2(a) permits a magistrate to authorize the use of electronic interception but argue that this statute directly conflicts with the Wiretapping Act and *Mullens*. Based upon Syllabus Point 1 of *State v. Carper*, 176 W.Va. 309, 342 S.E.2d 277 (1986), which holds that " '[p]enal statutes must be strictly construed against the State and in favor of the defendant[,]' Syllabus Point 3, *State ex rel. Carson v. Wood*, 154 W.Va. 397, 175 S.E.2d 482 (1970)," the petitioners argue that the electronic interception orders obtained in their cases pursuant to W. Va.Code §§ 62–1D–1 to –9 should have been deemed invalid by the circuit court and that all of the audio and video recordings obtained as a result thereof should have been suppressed.

■ A review of the relevant statutory provisions shows, contrary to the petitioners' assertions, that there is no conflict between the Wiretapping Act and W. Va.Code § 62–1F–2. W. Va.Code §§ 62–1F–1 to –9 were enacted in 2007 following this Court's decision in *Mullens*. At that time, the Legislature also amended the Wiretapping Act and added the following language:

[N]otwithstanding the provisions of this article or any other provision of law, an electronic interception as defined by section one [§ 62–1F–1],[11] article one-f of this chapter, is regulated solely by the provisions of article one-f [§§ 62–1F–1 et seq.]

of this chapter, and no penalties or other requirements of this article are applicable.

W. Va.Code § 62–1D–3(f) (2007) (Repl.Vol. 2010) (footnote added). Thus, with this statutory amendment, the Legislature explicitly excluded in-home recording using a body wire from the ambit of the Wiretapping Act. In other words, the provisions of W. Va.Code § 62–1D–7 requiring one of five designated circuit court judges to rule upon applications for orders authorizing the interception of wire, oral or electronic communications no longer apply. Instead, electronic interception by law enforcement of a person's conduct or oral communications in the home is regulated by the provisions of W. Va.Code §§ 62–1F–1 to –9. Accordingly, the circuit court did not err by finding that magistrates are authorized to issue electronic interception orders pursuant to W. Va.Code § 62–1F–2.[12]

■ Likewise, the circuit court did not err in finding that the provisions of W. Va. Code § 62–1F–2 are constitutional. As discussed above, the petitioners also argue that because the statute allows magistrates to issue an order authorizing the in-home recording of conduct or oral communications using a body wire, it conflicts with this Court's decision in *Mullens*. As the State points out, however, this Court did not specify any particular form of judicial authorization as being required for a finding of probable cause that would permit the constitutionally-acceptable use of a body wire in a person's home. Rather, this Court repeatedly indicated in *Mullens* that it is the fact of independent and impartial judicial authorization that renders the use of a body wire in a home constitutionally permissible. In other words, *Mullens* holds that the search and seizure provision of our state constitution permits one-party consent to electronic surveillance in the home of a

---

**11.** *See* note 10, *supra*.

**12.** While the petitioners are correct with regard to their assertion that penal statutes must be construed in favor of the defendant and against the State, this rule of statutory construction has no application in this instance because W. Va. Code § 62–1D–3(f) and W.Va.Code § 62–1F–2 are clear and unambiguous. This Court has held

that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syllabus Point 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959).

suspect so long as an order finding probable cause is issued by an impartial judicial authority. Article VIII, § 1 of the West Virginia Constitution vests judicial power in the justices, judges and magistrates of the courts of this State. *See also Flanigan v. West Virginia Public Employees' Retirement System*, 176 W.Va. 330, 342 S.E.2d 414 (1986) (stating that a magistrate is an Article VIII judicial officer under the state constitution). Accordingly, there is no merit to the petitioners' argument.

 Based on all the above, the circuit court did not commit reversible error in denying the petitioners' motions to suppress the evidence in their cases. In light of the 2007 statutory enactments and amendments, we now hold that electronic interception by law enforcement authorities of a person's conduct or oral communications in his or her home is governed by W. Va.Code §§ 62–1F–1 to –9. We further hold that pursuant to W. Va.Code § 62–1F–2(a), an order authorizing law enforcement authorities to conduct electronic interception of conduct or oral communications in the home can be obtained from either a magistrate or a judge of a circuit court within the county wherein the nonconsenting party's home is located.

## IV.

## CONCLUSION

For the reasons set forth above, the final orders of the Circuit Court of Mercer County entered on December 20, 2010, and February 10, 2011, in the cases of Petitioner Hoston and Petitioner Riley, respectively, are affirmed.

Affirmed.