# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0265** (Upshur County 18-F-14)

**Robert Elliot Brecke,**
**Defendant Below, Petitioner**

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Elliot Brecke, by counsel Jamella L. Lockwood, appeals the Circuit Court of Upshur County's March 7, 2018, order denying his motion to suppress evidence seized during a traffic stop. Respondent State of West Virginia, by counsel Benjamin F. Yancey III, filed a response. On appeal, petitioner asserts that the circuit court erred in concluding that his girlfriend was not an agent of the State in retrieving a container from his vehicle and in concluding that West Virginia Code § 62-1A-10, addressing motor vehicle searches, was inapplicable.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 25, 2017, two officers with the Buckhannon Police Department initiated a stop of petitioner's sport-utility vehicle upon noticing an inoperative tail light. One officer, Joshua Wilson, spoke with petitioner and ultimately issued him a written warning. The second officer, Tanner Collins, asked to speak with the passenger, petitioner's girlfriend Christina Darnall, due to the officer's familiarity with her and questions he had regarding her former boyfriend. Ms. Darnall agreed to speak with Officer Collins and exited the vehicle; the two then spoke toward the rear of petitioner's vehicle.

After Officer Wilson issued petitioner the warning, he noticed a small coffee container wrapped in a tan grocery bag in the back cargo area of petitioner's vehicle. Officer Wilson asked Ms. Darnall "what was up with the container in the back?" Ms. Darnall consented to allowing the officers to view the contents of the container, opened the rear of the vehicle, and retrieved the container. The officers found marijuana, including "THC [t]ar [t]abs, THC [v]apor [p]ens, and THC suckers" in the container. Petitioner was consequently indicted on January 8, 2018, for one count of possession of a controlled substance with intent to deliver.

1

On January 22, 2018, petitioner filed a motion to suppress all evidence seized from his vehicle during the September 25, 2017, traffic stop. On February 12, 2018, the parties appeared for a hearing on the motion. Officer Wilson testified that after handing petitioner the written warning and noticing the container in the rear of petitioner's vehicle, he asked Ms. Darnall "if she knew anything about the canister. I asked her; did—do you know what that is?" Ms. Darnall reportedly responded, "[N]o, I do not; but I can get it." According to Officer Wilson, Ms. Darnell actually offered twice to retrieve the container, and then she opened the rear door of the vehicle, pulled the container out, and opened it for the officers. Officer Wilson reiterated that Ms. Darnall offered to retrieve the container:

> No—no, she off—she offered it first. What hap—'cause I asked her, do you know what's in that container in the back and she said I—I don't know. I can get it for you if you want. And then I asked her again, you don't know what's in there? She said no, I do not know. But we can get it and we can see.

The report Officer Wilson completed following the traffic stop indicated that he "asked [Ms. Darnall] what was up with the container in the back of the Jeep. [Ms. Darnall] said I don't know. [Officer] Collins asked [Ms. Darnall] if we could see what was in it at which [point Ms. Darnall] said yes and opened the rear of the Jeep." On cross-examination, Officer Wilson explained that Officer Collins asked Ms. Darnall if they could view what was inside the container only "[a]fter she advised [the officers] that she didn't know what it was and could get it for us."

Officer Collins also testified at the suppression hearing, and his testimony was consistent with Officer Wilson's. Officer Collins stated, "We never asked her to go in and get [the container]. I mean, I can tell you that."

Ms. Darnall testified that she had full access to the vehicle. Ms. Darnall was asked "whether or not there [were] any restrictions you had in terms of access to that vehicle and the contents of it. [Were] there any private parts of it that were just [petitioner's]?" Ms. Darnall responded, "No, sir." Ms. Darnall denied offering to retrieve the container for the officers, however. Ms. Darnall testified that "[Officer Wilson] told me to get it out of the Jeep, so I got it out of the Jeep." Ms. Darnall also testified that she "did not have an option to tell [Officer Wilson] no."

On March 7, 2018, the circuit court denied petitioner's motion to suppress. It found that

> [a]lthough there was conflicting evidence concerning the circumstances surrounding why Ms. Darn[a]ll removed the container from the Jeep, the [c]ourt finds, after considering the credibility of the witnesses and the weight of the evidence that the [o]fficers did not command or order Ms. Darn[a]ll to remove the container from the Jeep.

Thus, the court concluded that Ms. Darnall's retrieval of the container was not a search, and that she offered to retrieve the container "without the officers taking any action that would make [her] an agent or 'instrument' of the State."

2

Shortly after the court entered its order denying petitioner's motion to suppress, he and the State entered into a conditional plea agreement. Petitioner agreed to plead guilty to possession of a controlled substance with intent to deliver, but he reserved the right to appeal the court's decision on the motion to suppress. The plea agreement further provided that should petitioner prevail on appeal, his plea shall be withdrawn. The circuit court accepted petitioner's plea; accordingly, it is from the March 7, 2018, order denying his motion to suppress that petitioner appeals.[1]

We have previously held that "[o]n appeal, legal conclusions made with regard to suppression determinations are reviewed *de novo*. Factual determinations upon which these legal conclusions are based are reviewed under the clearly erroneous standard. In addition, factual findings based, at least in part, on determinations of witness credibility are accorded great deference." Syl. Pt. 1, *State v. Hoston*, 228 W. Va. 605, 723 S.E.2d 651 (2012) (citation omitted). We have also instructed that

> an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error.

Syl. Pt. 1, in part, *State v. Lacy*, 196 W. Va. 104, 468 S.E.2d 719 (1996).

Petitioner asserts on appeal that the circuit court erred in concluding that Ms. Darnall was not acting as an agent or instrument of the State in removing the container from petitioner's car. Petitioner argues that once the officers requested to see the container, Ms. Darnall became an instrument of the State. Petitioner further notes that Ms. Darnall was detained at the rear of the vehicle, not told she was free to leave, and did not believe she was free to refuse the request.

Although "[s]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment and Article III, Section 6 of the West Virginia Constitution—subject only to a few specifically established and well-delineated exceptions," syl. pt. 1, in part, *State v. Farley*, 167 W. Va. 620, 280 S.E.2d 234 (1981), those constitutional provisions "do not apply to searches by private individuals unless they are acting as instruments or agents of the State." Syl. Pt. 3, *State v. Smith*, 226 W. Va. 487, 702 S.E.2d 619 (2010) (citation omitted). Of specific relevance to petitioner's case, we have stated that "[i]f . . . a police officer commanded or directed a private citizen to retrieve the [defendant's belongings] through coercion, domination, or the more subtle techniques of suggestion available to such officials, the Constitution would come into play." *State v. Riser*, 170 W. Va. 473, 479, 294 S.E.2d 461, 466 (1982) (citation omitted). "The test . . . is whether, in light of all the circumstances of the case, [the private citizen] must be regarded as having acted as an 'instrument' or agent of the state . . . ." *Id.* (citation omitted).

---

[1]The appendix record does not contain any information regarding petitioner's sentence.

In *Riser*, just as in the instant case, there was a factual discrepancy between whether the officer directed that the items sought to be suppressed be brought to him, or whether the defendant's relative brought the items to the officer without instruction or direction. *Id.* at 478-79, 294 S.E.2d at 466. Also as in the instant case, the trial court in *Riser* "resolved the question of whether [the defendant's relative] had become an agent for the State on the factual ground that the officer did not command or order him to remove [the items] from the car." *Id.* at 479, 294 S.E.2d at 466. We found that the trial court's conclusion was not "plainly wrong or clearly against the weight of the evidence." *Id.*, 294 S.E.2d at 467. The same result is warranted here.

Officer Wilson and Officer Collins both testified that they did not order Ms. Darnall to retrieve the container from petitioner's car. Officer Wilson specifically testified that Ms. Darnall twice offered to get the container for the officers. After the two offers, Officer Collins then accepted Ms. Darnall's offer and asked to see the container. After hearing the officers' and Ms. Darnall's testimony, the circuit court found the officers' account more credible and concluded that the officers did nothing to make Ms. Darnall an agent or instrument of the State. Considering the evidence in the light most favorable to the State, and according appropriate deference to the circuit court's credibility determinations, we find no error in this conclusion.

Petitioner also argues that the circuit court erred in failing to apply West Virginia Code § 62-1A-10 to the search of his vehicle. In pertinent part, West Virginia Code § 62-1A-10(a) provides that

> [a] law-enforcement officer who stops a motor vehicle for an alleged violation of a traffic misdemeanor law or ordinance may not search the vehicle unless he or she: (1) Has probable cause or another lawful basis for the search; (2) Obtains the written consent of the operator of the vehicle on a form that complies with section eleven [§ 62-1A-11] of this article; or, alternatively, (3) Obtains the oral consent of the operator of the vehicle and ensures that the oral consent is evidenced by an audio recording that complies with section eleven of this article.

Petitioner argues that it is undisputed that he was stopped for a violation of a traffic misdemeanor law or ordinance and that his consent, as operator of the vehicle, should have been obtained prior to the search.

As set forth above, the drug-containing container was not obtained through a search by a law enforcement officer. Rather, Ms. Darnall, who was not acting as an agent or instrument of the State, offered the container to the officers. Accordingly, West Virginia Code § 62-1A-10 is inapplicable.

For the foregoing reasons, we affirm the circuit court's March 7, 2018, order denying petitioner's motion to suppress.

Affirmed.

4

**ISSUED:** May 24, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5